## WRIGHT v. REUSENS et al.

### In re OWENS.

(Supreme Court, General Term, Second Department.　December 12, 1892.)

ATTORNEY'S LIEN—FORECLOSURE OF MECHANIC'S LIEN.

>A contractor employed an attorney to sue the owner of a building for the amount alleged to be due him under the contract, and agreed to pay him 10 per cent. of the recovery as a fee. The action was subsequently discontinued, and an action to foreclose a mechanic's lien was brought by the contractor, in which various other lienors were made defendants. Several of such lienors were present, or represented by counsel, when it was determined to discontinue the first action; and the contractor and his attorney testified that the attorney refused to discontinue the first action unless he could have 10 per cent. for collecting the money. *Held,* that the mere silence of the lienors, who employed other attorneys to represent them, and who all swore positively that they made no agreement to pay the attorney anything, could not be construed into a consent for the payment of such 10 per cent., and that consequently the contractor's attorney was not entitled to a lien on the portion of the fund awarded to them.

Appeal from special term, Westchester county.

Action by James R. Wright against Guillaume A. Reusens and others to foreclose a mechanic's lien. From an order awarding Silas J. Owens, plaintiff's attorney, for his services, a lien on the fund arising from the foreclosure, Frank Dane and others, mechanics and material men, who had also been made defendants, appeal. Reversed.

For former reports, see 15 N. Y. Supp. 504, 590.

Argued before DYKMAN and PRATT, JJ.

Cyrus W. Horton, for appellants.
Silas J. Owens, claimant, in pro. per.

DYKMAN, J. This action was commenced for the foreclosure of a mechanic's lien for services and materials in the reparation of a dwelling house of the defendant. The plaintiff was the contractor, and the material men were made defendants. Prior to the commencement of this lien suit an action had been commenced in the name of the plaintiff against the defendant, but some of the parties in interest embraced the idea that their rights could not be protected in that suit, and it was discontinued, and the present action was commenced. The attorney for the plaintiff was the same in both suits, but some of the lienors who were made defendants employed other attorneys. The action was successful, and the defendant paid the money into court. The defendants who were lienors recovered their respective claims, and now the attorney for the plaintiff demands a lien for his services against the fund to the extent of 10 per cent. upon the whole amount. The demand for 10 per cent. is based upon an agreement which the attorney claims was made with him by the plaintiff and the other lienors, and which is denied by some of them. After the interposition of the attorney's demand for his lien, an order was made by consent that all questions of liens in his behalf should be tried before a justice of this court, who should take testimony under that order, and subsequently he decided in favor of the lien, and its enforcement against all the lienors except four. He also

allowed the attorney a trial fee of $30. Eight of the lienors have appealed from the order entered upon the decision.

The claim for the attorney's lien is based upon an agreement, as we have said, and can be valid only against the parties who entered voluntarily into it. Upon the development of the dissatisfaction with the first action, H. P. Dane, a lienor, C. W. Horton, a lawyer, and Owens, the attorney for the plaintiff, went to Sing Sing to consult with Francis Larkin, a lawyer of that place, and the plaintiff, Wright, gave the following testimony respecting the conversation at that time, and stated substantially that Owens then refused to discontinue the first suit unless he could have 10 per cent. for collecting the money; and Owens testified that he then said he would not withdraw the first action unless the parties agreed to pay him 10 per cent., and that Horton and Dane said he was sure of the 10 per cent., and there would be no trouble about it. They were the only persons who testified in favor of Owens respecting the interview at Larkin's office, where he claims the agreement was made, and their testimony fails entirely to prove an agreement. Wright says distinctly that, when Owens said he would not withdraw the first action unless he got 10 per cent., neither Dane nor Horton said anything. Such an agreement as the necessities of this case demand cannot be inferred from silence; it requires the meeting of two minds. Ten per cent. cannot be deducted from the claims of these lienors without their consent. Owens was not their lawyer, and can make no demand against them for services. His claim must be sustained by agreement, or must fail. So much for the testimony on the part of the claimants. On the part of the defendants, Larkin and Horton and Dane all testified that they heard nothing at Larkin's office about a charge of 10 per cent. Larkin is an old lawyer of high honor and integrity, and entirely disinterested. Horton is a young lawyer of high respectability, and destitute of interest, and Dane, although interested, is a large lumber merchant in Peekskill, and nothing appears against his character. We cannot disregard the testimony of these witnesses, and it preponderates heavily against the memory of the principal witness. The evidence fails entirely to establish an agreement by the appellants to pay the claimant 10 per cent. An action to foreclose a mechanic's lien is peculiar. When lienors are made parties defendant they really occupy an affirmative position, and their interests are often antagonistic. When the fund is insufficient for all, the reduction of one inures to the benefit of another. They claim the same as they would do if they were plaintiffs. They employ their own attorneys, and proceed entirely independent of the plaintiff. Therefore, after Owens discontinued his first suit, he represented the plaintiff and his claim only. When Owens gave up the first suit he did so without exacting any pay at that time, and these defendants all swear positively they made no agreement to pay him anything. They say they did not like him, and employed other lawyers. Under such circumstances an agreement to assist in the compensation of the plaintiff's attorney will not be inferred nor found without satisfactory proof, and, as we have seen, the evidence here fails to establish an agreement. If the claimant can acquire no lien against the appellants except by virtue of an agree-

ment, as the proof fails of either one, the order should be reversed, so far as the appellants are concerned, with $10 costs and disbursements, and the motion denied, with $10 costs.