new trial ordered, with costs to abide the event.

Nellie House, Respondent, v. Frederick Walch, Appellant. — Judgment and order affirmed, with costs.

Ambrose Hine, Appellant, v. Norman Hine and Others, Executors, etc., Respondents.— Judg-

ment reversed and a new trial ordered, with costs to abide the event.

Esther Loroman and Another, Respondents, v. George Loroman, Appellant. — Judgment reversed and a new trial ordered, with costs to abide the event.

## SECOND DEPARTMENT, MAY TERM, 1893.

Mattie Lydecker, Plaintiff, v. Samuel Gilchrist, Defendant.— Judgment affirmed for non-submission of papers according to stipulation, with costs.

Roger M. Sherman, v. Herbert L. Saterlee.— DYKMAN, J. : We think the trial judge made the proper disposition of this action at the Circuit, and that the appeal is destitute of merit. Whatever may be said about the title of the defendant to the fund in controversy there is no reason why it should be recovered by the plaintiff. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.

Levi P. Rose, Respondent, v. David Hawley and Others, Appellants.— PRATT, J.: The facts in this case were before the court in a former action, and it was then held that they established no breach of the conditions of the deed under which defendants make title. (See 45 Hun, 592.) That question. among others, was argued before the Court of Appeals, which in 118 N. Y. 502, 517, was also of opinion that the condition was not violated. As the views expressed by this court as to the legal effect of the facts have been expressly approved, we should scarcely feel at liberty to depart from our decision in 45 Hun, if we were in doubt of its correctness. But, upon re-examination, we are confirmed in our opinion as there expressed. According to those views the plaintiff should have been nonsuited at the close of his case. The plaintiff argues that the previous judgment is not binding upon us as an adjudication. However that may technically be, the opinion of our appellate court upon a fixed state of facts, rendered upon full argument, cannot be disregarded. The judgment must be reversed upon the facts, and a new trial ordered, costs to abide the event. Barnard, P. J., concurred ; Dykman, J., not sitting Judgment reversed and new trial granted, costs to abide event.

Kate B. Verplanck v. William Farrell.— Appeal dismissed. Barnard, P. J., not sitting.

Kate B. Verplanck v. William Farrell and Others. — Appeal dismissed. Barnard, P J., not sitting.

James McCaldin, Respondent, v. William A. Parke and Another, Appellants. — PRATT, J. : This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The principles of this case were passed upon in a former appeal (see 66 Hun, 323.—REP.), and, therefore, there is nothing to be examined at present except the question whether there are any valid exceptions to the rulings of the court upon the trial. No violation of the principles laid down in the opinion upon the former appeal are pointed out by the appellant, and we find none in the case, and we, therefore, refrain from discussing anything in the case except questions that were not raised in the former appeal The exception to the introduction of the bills paid by the plaintiff for repairs was not well taken, as they were merely introductory to evidence of payment which was put in with the bills. Neither was the exception to evidence that the vessel was properly loaded, error In fact, all the ex-

ceptions to the admission of evidence are without merit, the evidence objected to being a necessary part of the plaintiffs' case or proper to meet suggestions and inference made by the defendants. There are many exceptions to the charge of the judge, but we fail to find error prejudicial to the defendants in any one of them. The majority of them related to questions of fact which were properly submitted to the jury under the former General Term opinion. If that opinion properly states the law of this case there is no error. The amount of damage was fixed in the contract of employment. All the questions discussed in the brief of the defendants relate to principles raised upon the former appeal and require no discussion at this time, as we adopt and adhere to the former opinion, and affirm the present appeal upon it. The judgment should be affirmed, with costs. Judgment and order denying new trial affirmed, with costs.

William Hill, Plaintiff, v. The Prudential Insurance Company, Defendant. — Appeal withdrawn.

Mary L. Lefurgy, Administratrix, Respondent, v. James Stewart and Another, Appellants. — DYKMAN, J.: This is an appeal from a judgment entered upon the report of a referee in favor of the plaintiff. The action is for the recovery of stone delivered to the defendants and the principal controversy had reference to the prices of the stone. A careful examination satisfies us that the referee has made a proper disposition of the case, and his opinion shows that he examined the case with great care. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.

Matter of Silas J. Owen. — Motion for reargument to be applied for at Special Term. Barnard, P. J., not sitting.

David M. Torrey, Appellant, v. Francis A. Waters and Others, Respondents.— PRATT, J.: The defendants' affidavits fairly meet the plaintiff's. Upon the whole case, we do not see that any fraud is made out. The discounts were made during so long a time that we must believe plaintiff had knowledge of defendants' financial condition, or else that he trusted them as officers of the corporation in reliance upon its solvency Order affirmed, with costs. DYKMAN, J.: This is an appeal from an order vacating an order of arrest granted in this action. A perusal of the papers convinces us that the charges of fraud and conspiracy, upon which the order of arrest was based, are unfounded and an afterthought. The plaintiff had cashed many drafts similar to those in question here and must have been in possession of full knowledge respecting the parties and their mode of doing business We think the order vacating the order of arrest was right and should be affirmed, with ten dollars costs and disbursements. Barnard, P J., concurred. Order affirmed, with costs and disbursements

Annie A. Morss, Respondent, v. Thomas R Hawley and Others, Appellants.— PER CURIAM: The questions involved in this appeal seem to have been fully covered by our