Levi P. Rose, Appellant, v. David Hawley et al., Respondents.

Where a party has been defeated in his action by reason of neglect to perform some preliminary act necessary to perfect the cause of action, such as giving a notice, the judgment is not a bar to another action begun after the performance of the requisite preliminary act.

Where a grantor of land seeks to re-enter because of a breach of a condition subsequent, he must show that the true spirit and purpose of the condition have been willfully disregarded by the grantee; it is not sufficient to prove a technical breach, through the action of strangers, without the grantee's permission.

In 1848 plaintiff conveyed certain lands to the town of Yonkers, whose rights have since become vested in defendant, the city of Yonkers. The deed contained a condition that the land conveyed should forever remain public and open as a public highway, and that no house, or other erection, save a public monument, should ever be built, erected or permitted thereon. In 1857 the line of the land was located by competent engineers, and defendant H., who owned adjoining lands, erected a building coming up to said line ; this was recognized as the true line by the city. H. also constructed an area under the surface of the ground in front of said building, about four feet wide, with a stairway leading down from the street ; over this area is a sidewalk with gratings and a door to the stairway, which, when closed, constitute no obstruction. In an action of ejectment to recover possession of the land conveyed, based on the ground of forfeiture of title because of alleged breach of said condition, it was found, upon conflicting evidence, that the building, which was sixty-three feet in length, encroached at one end sixteen inches, and at the other, two inches upon the land conveyed. Plaintiff saw the building erected, and for more than twenty years made no claim of a breach of said condition. *Held*, that, under the circumstances shown, it did not appear that the city had done, or knowingly permitted anything which amounted to a breach of the condition within any fair and reasonable construction of the condition, or the intention of the parties to the deed when it was executed ; also, that no permission to erect the building, such as was contemplated by the parties to the contract, was shown.

In a former action brought by plaintiff to recover the land granted, a judgment was rendered in his favor; this was reversed by the General Term, and a new trial granted on the law and facts. The order of the General Term was affirmed on appeal to this court, and judgment absolute ordered against plaintiff upon his stipulation on the ground, among others, that no notice had been given to the city of the erection claimed as a breach of the condition. *Held*, that the former judgment was not a bar.

As to whether plaintiff is bound absolutely by the former judgment because of this stipulation, even in a new action, brought upon new or additional facts subsequently occurring, *quære.*

(Argued January 22, 1894; decided February 27, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 11, 1893, which affirmed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant. The defense set up in the answer to the effect that plaintiff's cause of action was barred by a former adjudication was not established. (*Marsh* v. *Masterson,* 101 N. Y. 401; *Spellman* v. *Terry,* 74 id. 448; *Shaw* v. *Broadbent,* 129 id. 114; *D. U. S. C. Co.* v. *D. T. Co.,* 84 id. 156; *Lewis* v. *O. N. & P. Co.,* 125 id. 341; *Bell* v. *Merrifield,* 109 id. 202; *Porter* v. *Smith,* 107 id. 531; *Code Civ. Pro.* § 1318; *Rose* v. *Hawley,* 118 id. 502.) The defense of the Statute of Limitations as set up in the answers of the various defendants was not established in any particular. (*Sturges* v. *Parkhurst,* 18 J. & S. 306; *Rossell* v. *Wickham,* 36 Barb. 386; *M. E. Church* v. *Brownell,* 5 Hun, 466; *Wood* v. *Squires,* 1 id. 481; *Bradt* v. *Church,* 110 N. Y. 537; *Cagger* v. *Lansing,* 64 id. 417, 430; *Tyler* v. *Heidorn,* 46 Barb. 439, 464, 465, 466; 48 N. Y. 671; *Van Rensselaer* v. *Barringer,* 39 id. 9, 15; *Bedell* v. *Shaw,* 59 id. 46, 49; *Porter* v. *McGrath,* 9 J. & S. 104; *Bliss* v. *Johnson,* 94 N. Y. 235, 242; *Kirk* v. *Smith,* 9 Wheat. 241, 288; *Jones* v. *Smith,* 73 N. Y. 205, 211; *Patten* v. *N. Y. E. R. R. Co.,* 3 Abb. [N. C.] 346; *Miller* v. *Platt,* 5 Duer, 272; *Pope* v. *Hanmer,* 74 N. Y. 240; *Yates* v. *De Bogert,* 56 id. 527, 532; *Flora* v. *Carbeau,* 38 id. 111; *Abeel* v. *Von Gelder,* 36 id. 513; *Wiklow* v. *Lane,* 37 Barb. 247, 249; *Becker* v. *Van Valkenburgh,* 29 id. 322; *Jackson* v. *Andrews,* 7 Wend.

157, 158; *C. L. N. Co.* v. *K. N. Co.*, 37 Hun, 1; 108 N. Y. 631.) The breach of the condition in the deed, as claimed by plaintiff, and as established by the verdict of the jury upon the first trial of this action, is sufficient in law to make plaintiff the absolute owner in fee of the premises covered by that deed. (*Rose* v. *Hawley*, 118 N. Y. 502, 511; *Jackson* v. *Allen*, 3 Cow. 220; *Gilbert* v. *Peteler*, 38 N. Y. 165–168; *Craig* v. *Wells*, 11 id. 315–320; *Coleman* v. *Beach*, 97 id. 545; *Plumb* v. *Tubbs*, 41 id. 442.) The defendants, in their answer, set up an alleged sale prior to the commencement of this action by the sheriff, of all plaintiff's interest in the premises in question. The fact that a right of re-entry upon breach of a condition subsequent contained in a deed, before the grantor has actually obtained possession of the land, and thereby entirely defeated the conditional deed, is neither an estate in land nor any such right that it can be sold, assigned or seized for debt. (*Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 id. 303, 312; *Sheridan* v. *House*, 4 Abb. Ct. App. Dec. 218–226.) It is not necessary for a plaintiff claiming the right of re-entry upon breach of a condition subsequent to make an entry upon the premises in question. (*Plumb* v. *Tubbs*, 41 N. Y. 442–449; *Tyler* v. *Heidorn*, 48 id. 671.) The point taken by counsel for the city of Yonkers that there is no proof that the city of Yonkers is in possession of any part of the premises is untenable. (*Strong* v. *City of Brooklyn*, 68 N. Y. 1.) Under the proof it could not be held as a matter of law that plaintiff had waived his rights. (*Rose* v. *Hawley*, 118 N. Y. 502; *Gray* v. *Blanchard*, 8 Pick. 284; *De Lancy* v. *Ganong*, 9 N. Y. 24; *Tinkham* v. *E. R. Co.*, 53 Barb. 393; 2 Washb. on Real Prop. [4th ed] 19.) The fact that the United States government rented these premises for its post-office, and that plaintiff was the agent of the government and had charge of the premises so rented, does not affect the plaintiff's rights in this action. (*Child* v. *Chappel*, 9 N. Y. 246; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528, 567; *Smith* v. *Babcock*, 36 N. Y. 167, 168; *Hoag* v. *Hoag*, 35 id. 469;

*Prevot* v. *Lawrence*, 51 id. 219, 222; *Hetzel* v. *Barber*, 69 id. 1, 15; *Whiting* v. *Edmunds*, 94 id. 309, 312–314.) The proof of the commencement of the former action by service of the summons and complaint upon the city of Yonkers, that the city defended and the city attorney was present upon the trial, and that upon such trial the court, upon all the proof submitted, found the facts which constitute the encroachment, and that all of these occurrences had taken place prior to the commencement of the present action, was sufficient proof of notice to the city of Yonkers at the time this action was commenced. (133 N. Y. 315–319.)

*Theodore Fitch* for Hawley and others, respondents. Even if the plaintiff is right in his claim of an encroachment, the encroachment claimed would not constitute a breach of the condition of his deed to the town of Yonkers. (*In re Tilden*, 98 N. Y. 434, 443; *McGriffin* v. *Cohoes*, 74 id. 387; *Hoffman* v. *Æ. Ins. Co.*, 32 id. 412; *Coffin* v. *Reynolds*, 37 id. 640; *Patten* v. *N. Y. E. R. R. Co.*, 3 Abb. [N. C.] 313; *Rose* v. *Hawley*, 118 N. Y. 502.) If, as the defendants understand the fact to be, the General Term has, by its decision and judgment in the first action between the parties to this record, determined that there was no breach of the condition contained in the deed of the plaintiff to the town of Yonkers of December 30, 1848, and no substantial encroachment on the premises, the plaintiff's cause of action based on the alleged breach of condition and the alleged encroachment was thereby extinguished, and when, by affirmance in the Court of Appeals of the order of the General Term, judgment absolute was given against him there was an end of that cause of action. (*Rose* v. *Hawley*, 133 N. Y. 315; 118 id. 502.) A final adjudication upon essential material facts is conclusive upon the same parties and will bar a subsequent action. (*Jordan* v. *Van Epps*, 85 N. Y. 427; *Smith* v. *Smith*, 79 id. 634; *Taska* v. *O'Brien*, 68 id. 446, 449; *Bloomer* v. *Sturges*, 58 id. 168, 276; *Clemens* v. *Clemens*, 37 id. 57, 74; *Daly* v. *Brown*, 4 id. 71; *Burt* v. *Stern-*

*bergh,* 4 Cow. 559.; *Phillips* v. *Berick,* 16 Johns. 136; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Aurora City* v. *West,* 6 Wall. 82; Bigelow on Estoppel [5th ed.], 165; Wells' Res Adjudicata, etc., §§ 248, 251; Freeman on Judgments, § 260; *Bell* v. *Merrifield,* 109 N. Y. 201.) The stipulation given by the plaintiff in taking his appeal from the order of the General Term granting him a new trial in the first action, and the judgment absolute rendered thereon by the Court of Appeals in affirming the order, preclude the plaintiff from again litigating the same cause of action. Such a judgment rests upon the consent of the appellant, and not upon the merits of the controversy, and bars any further litigation of the same cause of action. (*Roberts* v. *Baumgarten,* 126 N. Y. 336; *Cobb* v. *Hatfield,* 46 id. 535; *Hiscock* v. *Harris,* 80 id. 402; *Caswell* v. *Hazard,* 121 id. 484; *Godfrey* v. *Moser,* 66 id. 250; *People ex rel.* v. *Thatcher,* 55 id. 525; *Lanman* v. *L. R. R. Co.,* 18 id. 493.) If the plaintiff ever had any rights from a breach of the condition they were absolutely barred by the Statute of Limitations. (Code Civ. Pro. §§ 365, 371, 372, 415; *Foster* v. *H. E. Co.,* 9 Barb. 287; *Bradstreet* v. *Huntington,* 5 Pet. 402; *Duryea* v. *Schafer,* 55 N. Y. 446; *Crary* v. *Goodman,* 22 id. 175; *Driggs* v. *Phillips,* 103 id. 77.)

*Joseph F. Daly* for city of Yonkers, respondent. The case on appeal shows that all the issues raised by the pleadings in this action were in a former action adjudicated and judgment absolute rendered against the plaintiff in favor of the defendants. (*Rose* v. *Hawley,* 133 N. Y. 315.) The fact that judgment absolute was rendered against the plaintiff in favor of the defendants in a former action between the same parties upon the same issues being established, any recovery by the plaintiff in the present action was barred. (*Lanman* v. *L. R. R. Co.,* 18 N. Y. 493; *Cobb* v. *Hatfield,* 46 id. 533; *Godfrey* v. *Moser,* 66 id. 250; *Mackay* v. *Lewis,* 73 id. 382; *Roberts* v. *Baumgarten,* 126 id. 326; *Hiscock* v. *Harris,* 80 id. 402; Code Civ. Pro. § 191.) A final adjudication

upon essential material facts is conclusive upon the same parties and will bar a subsequent action. (*Lorillard* v. *Clyde*, 122 N. Y. 41; *Stannard* v. *Hubbell*, 123 id. 520; *Marsh* v. *Masterton*, 101 id. 401; *Leavitt* v. *Wolcott*, 85 id. 212; *Le Guen* v. *Gouverneur*, 1 Johns. 436; *Clemens* v. *Clemens*, 37 N. Y. 59; *Maloney* v. *Horan*, 12 Abb. [N. S.] 293; *Embury* v. *Connor*, 3 N. Y. 511, 522; *Pray* v. *Hegeman*, 98 id. 351; *Church* v. *Kidd*, 88 id. 652; *Dowley* v. *Brown*, 79 id. 390; *Smith* v. *Smith*, Id. 634; *Dunham* v. *Bower*, 77 id. 76.) Notice to the city of the encroachment was an essential portion of the plaintiff's case, and a failure on his part to prove such notice must necessarily result in a dismissal of the complaint. (*Rose* v. *Hawley*, 118 N. Y. 502; 133 id. 315.) The plaintiff's remedy (if he ever had any) is absolutely barred by the Statute of Limitations, and on this ground alone the complaint was properly dismissed. (*Tyler* v. *Heidorn*, 46 Barb. 439; *Jackson* v. *Schoomaker*, 4 Johns. 390, 399; *Jackson* v. *Cairns*, 20 id. 301, 306; *Grim* v. *Dyar*, 3 Duer, 359; *Rowan* v. *Delsey*, 18 Barb. 484, 488; *Randall* v. *Raab*, 2 Abb. Pr. 307, 313; *Driggs* v. *Phillips*, 103 N. Y. 77; *Bliss* v. *Johnson*, 94 id. 235.) Neither the town, village nor city of Yonkers, nor the authorities of either of them, could by any act or omission of theirs give permission to obstruct the public highway, nor could any omission, or even express act, work a forfeiture of the land in question. (*People* v. *Kerr*, 27 N. Y. 188; *Milhu* v. *Sharp*, Id. 611; 2 Dillon on Mun. Corp. 660; *S. V. O. Asylum* v. *City of Troy*, 76 N. Y. 110.) Where property is held by a city not as proprietor of the land, but only in trust for the use of the inhabitants as a highway, an action for ejectment cannot be maintained. (2 Dillon on Mun. Corp. § 665; *Child* v. *Chappel*, 9 N. Y. 246; *Strong* v. *City of Brooklyn*, 68 id. 1; *Cowenhoven* v. *City of Brooklyn*, 38 Barb. 9.)

O'Brien, J. The questions presented by this appeal arise in an action by the plaintiff to recover the possession of real property, based upon allegations of the breach of conditions

subsequent in a deed. On the 30th of December, 1848, the plaintiff conveyed to the municipal corporation then known as the town of Yonkers, a parcel of land described as containing eighty-four-hundredths of an acre. All the interest, rights and obligations conferred by this deed have since become vested in the city of Yonkers, one of the defendants in this action. The deed, after a description of the land intended to be conveyed by metes and bounds, contained the following provision : " This conveyance is upon this ·express condition, that the strip of land forming part of the premises above described, and being twelve feet and six inches in width, and extending all along said Academy street, · shall forever here-after be and remain a part of said Academy street, and shall never be used for any other purpose whatsoever. And also that all the residue of said land hereby conveyed shall forever hereafter be and remain public and open as a public highway, and that no house, building or other erection whatsoever, except a public monument, shall ever be built or erected or permitted upon the said land or upon any part thereof."

The complaint alleges in terms quite broad and general that there has been a breach of this condition, and particularly that the defendant Hawley has been permitted by the city to erect a building on a part of the premises, and that it still continues to permit him to maintain the building and hold the land upon which it was erected and claim it as his own contrary to the conditions expressed in the grant.

At the trial the plaintiff attempted to show by proof that a building erected by the defendant Hawley or his grantors many years ago encroaches upon the land described in the deed. This building is north of the land conveyed and is something over sixty feet in length. It is claimed that the southerly· wall stands upon a portion of the soil included within the bounds of the deed to the town to the extent of sixteen inches at one end of the building and two inches at the other end. The evidence on this point is quite complicated, obscure and conflicting, but it is conceded that unless there is some insurmountable legal obstacle in the way of the

plaintiff's recovery in any event, that he was entitled to have the fact as to the existence and extent of the alleged encroachment determined by the jury. The other proof, in regard to the breach of the condition, shows the existence of an area south of the building above mentioned, under the surface of the ground, extending south from the building four feet, about eight feet deep. The southerly wall of this area is sixty-four feet in length, eight feet in height and about sixteen inches thick. All the surface inclosed in this area is within the bounds of the land conveyed by the deed. There is a stone stairway in the area leading below from the street, and over all the space is a sidewalk containing gratings and a door to the stairway which, when closed, constitutes no obstruction to persons passing upon the walk. This feature of the case simply shows a practice quite common in cities of using the space under the walk as a cellar or area for the storage of goods which, in no material respect, interferes with the use of the surface above as a public highway in the manner in which sidewalks are generally used. This was the situation with respect to the breach of the condition when this litigation began. The persistency of the litigants, and the varying results of the contest from time to time, have added to the case some new complications which require some notice in order to obtain a clearer view of the questions presented now by the record.

In the year 1886 the plaintiff first brought his action to recover the land granted as above described, and in that year he obtained a judgment in his favor upon a trial by the court without a jury. This judgment was reversed by the General Term upon the law and the facts and a new trial granted. (*Rose* v. *Hawley*, 45 Hun, 592.)

From this result the plaintiff appealed to this court, stipulating, as required by section 191 of the Code, that if the order was affirmed judgment absolute should be rendered against him. The case was heard by the Second Division of this court, which affirmed the order appealed from and directed judgment absolute against the plaintiff.

(*Rose* v. *Hawley*, 118 N. Y. 502.)   This judgment was duly
entered upon the remittitur in the court below.   One of the
reasons given in the opinion of the Second Division for the
affirmance of the order was that no notice had been given to
the city of the erection claimed as a breach of the conditions
in the deed.   The plaintiff began this action in the year 1890,
and the complaint differs from that in the former action only
in this respect.   It contains allegations as to the commence-
ment of the first action, the service of the complaint upon the
city and the defendant Hawley, charging a breach of the con-
ditions and stating the facts constituting the same, which were
substantially identical with the facts contained in the record
and already mentioned ; that the city appeared and defended
the action, and thus had notice of all the facts.   The defend-
ants, in addition to the defenses interposed in the first suit,
have pleaded the former judgment as a bar.   Before serving
the answer, however, they demurred upon the ground that the
complaint did not state facts sufficient to constitute a cause of
action, and upon the further ground that upon its face the
existence of the former judgment appeared which constituted
a bar to this.   The demurrer was sustained at the General
and Special Terms, but overruled in this court.   We then held
that, for the purpose of the question then before us, nothing
could be known in regard to the former judgment except what
was stated in the complaint, and that enough did not appear
to sustain the demurrer.   (*Rose* v. *Hawley*, 133 N. Y. 315.)
In the answer the defendants have set forth fully all the facts
in regard to the former action, and allege that the final judg-
ment was upon the merits and determined the question of
encroachment and breach of the conditions.   The trial of the
issues was had before a jury and the plaintiff had a verdict,
but the judgment was again reversed at the General Term,
upon the facts, and a new trial granted.   (*Rose* v. *Hawley*, 69
Hun, 614.)   Upon the new trial the same facts appeared, and
upon the defendants' motion the court dismissed the complaint
upon the merits, to which ruling the plaintiff excepted.   The
judgment entered in favor of the defendants upon this decis-

ion has been affirmed in the court below, and the record containing all the proceedings is now before us for review. The former adjudication was not upon the merits in the sense which the rule requires in order to render the judgment a bar in another action. The plaintiff failed, so far as this question was involved, because notice of the alleged encroachment could not be imputed to the city. Since the judgment that element of the plaintiff's case has been supplied, and hence the present action may be said to stand upon facts occurring after the first judgment, or at least after the commencement of that action. Where a party has been defeated in his action by reason of neglect to perform some preliminary act necessary to perfect the cause of action, such as the giving of notice or the like, the judgment is not a bar to another action begun after the cause of action has become perfected by the giving of notice or the performance of the requisite preliminary act, whatever it may be. A party who fails in an action upon a note or other promise for the reason that it was not due at the time the suit was commenced, may bring another action when the promise matures, and in such cases the former judgment, though rendered upon the merits, is no bar, and the same principle applies to the facts in this case. A subsequent action may be brought in such cases in a way to avoid the objection which proved fatal in the first. (*Marsh* v. *Masterton,* 101 N. Y. 401–407; *Spelman* v. *Terry,* 74 id. 448; *Shaw* v. *Broadbent,* 129 id. 114; *Bell* v. *Merrifield,* 109 id. 202.)

But the plaintiff had stipulated in the former action that in case his appeal to this court was unsuccessful then judgment absolute might be rendered against him, and such judgment was rendered. The plaintiff, by this stipulation, waived his statutory right to another trial, which is given by the Code in actions for the recovery of real property (*Roberts* v. *Baumgarten,* 126 N. Y. 336), and whether he is bound by the former judgment absolutely and forever, even in a new action, brought upon new or additional facts, not existing when the former suit was commenced, may, perhaps, be still an open question, which, in

the view we are disposed to take of the case, is not now important to decide.

It is quite certain that the plaintiff cannot recover without showing a breach of the condition in some substantial and material respect. The important question, therefore, is whether such a breach was shown by the facts, assuming, as we must, that the jury would have found them as claimed by the plaintiff. In respect to the area, it was held by the Second Division not to constitute a breach of the condition, as it was not an erection upon the land within its true purpose and meaning, nor was it rendered so by use. The purpose of the condition was to preserve the land conveyed for public purposes, and it was not violated by permitting the soil or space under the sidewalk to be used in such manner as is usual and common in cities and villages, as such use is in no sense inconsistent with that of the public for the purpose of a sidewalk for persons passing along the street.

The remaining question is whether the encroachment of the wall of the building at the north upon the land conveyed, sixteen inches at one end of a line sixty-four feet in length, and running down to two inches at the other end, constitutes, under the circumstances, such a breach of the condition as to forfeit the grant and entitle the plaintiff to re-enter. It may be said generally that such conditions in grants are not favored in the law. In the language of Chancellor KENT, "Conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates; and the rigorous exaction of them is a species *summum jus*, and in many cases hardly reconcilable with conscience." (4 Kent's Com. 130; *Craig* v. *Wells*, 11 N. Y. 315; *Woodworth* v. *Payne*, 74 id. 196.) There are instances where such conditions were enforced for reasons and upon grounds apparently technical, but, it is believed, that in such cases the ground upon which they were given effect was within the intention of the parties when the condition was inserted, however slight the violation was. (*Plumb* v. *Tubbs*, 41 N. Y. 442.)

The intent and purpose of the condition in this case was to

prevent the city from using the land conveyed for any other purpose than that mentioned in the grant; hence, it was prohibited from erecting upon it any house, building or other erection, except a public monument, and it cannot be said that the city itself has literally violated this condition, as it has not constructed or erected upon the land any building or structure whatever. But it is said that the condition was to the effect that the city should not permit any one else to make the forbidden erection, and as it has permitted Hawley to encroach upon it when building his wall several years ago, that the condition is broken and the estate forfeited. It was said when the demurrers were before us, that the forfeiture claimed is rested upon the conscious and willful sufferance of the city as amounting to a permission. The estate granted to the municipality cannot be forfeited by proof that a trespasser, without permission or authority from the city, express or implied, has appropriated to his own use a strip of the land a few inches in width. The city cannot be said to permit the unlawful use until it has knowledge of the facts. Hawley claims that this strip of land belongs to him, and there has never been a time since the city has had the notice of plaintiff's claim that it could remove the building without proving, as against Hawley, that he was a trespasser. This litigation has been on foot for nearly eight years in one form or another, and the only disputed question of fact has been the location of the true boundary line. The plaintiff claims that it is north of the south wall of the building, to the extent of sixteen inches at one end and two inches at the other. The defendants, Hawley and the city, take a different view of the matter, and both insist that the wall does not encroach on the land conveyed to the town in 1848. This dispute, involving a very small strip of land, depends largely upon the memory of witnesses as to the location of old monuments, and upon the ability of engineers to reproduce old surveys from courses and distances. A result absolutely accurate is seldom attained in such cases. It appears that the building north of the land conveyed to the city was located by com-

petent engineers about 1857, and it was then supposed by
every one that the wall was on the true boundary line. The
plaintiff was a member of the village board of trustees in 1864
and 1865. He saw these buildings erected first in 1857 and
again in 1866, but not until nearly twenty years after did
he make any claim against the city that it had broken the
conditions of the deed. The parties who owned and erected
the buildings, now claimed to constitute the encroachment, are
dead, and an accurate location of the northerly boundary line
of the grant has become more difficult by the lapse of time.
All these considerations are important upon the question
whether, under the circumstances, the city has done or know-
ingly permitted anything which amounts to a breach of the
condition within any fair and reasonable construction of its
terms or the intention of the parties when the grant was
made. The most that can be said is that there is an honest
mistake between the plaintiff on the one hand, and the defend-
ants on the other, as to the location of the line, and, assuming
that the plaintiff's theory as to the disputed fact must ulti-
mately prevail, still, we think, there would be no such sub-
stantial breach of the condition as to authorize a forfeiture of
the grant and a re-entry by the grantor, as there was no per-
mission to encroach within the meaning of the condition. If
it be admitted that this small strip of land was included in the
plaintiff's grant to the municipality for public purposes, and
that it has by an honest mistake been appropriated to a private
purpose, in the manner disclosed by the record, the breach of
the condition, if any, would be purely technical and of such
an unsubstantial character as to warrant the conclusion that it
was not within the purpose or intention of the parties to the
conveyance. When a grantor of land seeks to re-enter for
breach of a condition subsequent he should be required to
establish something more than a technical encroachment
through the action of strangers without the grantee's permis-
sion. It is not enough to show in this way that the letter of
the condition is violated, but it must appear that its true spirit
and purpose have been willfully disregarded by the grantee.

Upon the undisputed facts òf this case we think that no such permission as is contemplated by the contract of the parties was shown, and, therefore, no substantial breach of the condition has been made out.

Our conclusion, therefore, is that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.