MALONEY v. NELSON et al.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

1. CONTRACTS—PUBLIC POLICY—INDEMNIFYING SURETY ON BAIL BOND.
  A contract by one of the sureties on a bail bond to indemnify the other in case of default is not against public policy, the statutes authorizing bail by recognizance and by deposit of money by accused. 39 N. Y. Supp. 930, affirmed.

2. JUDGMENT—PREMATURE ACTION—RES JUDICATA.
  Where a judgment foreclosing a mortgage is reversed at general term, and a new trial ordered on the ground that the suit was premature, on affirmance by the court of appeals, a judgment absolute, entered on stipulation by plaintiff therefor in case the order is affirmed, is not a bar to another action, brought after the right of action on the mortgage has accrued.

3. CONTRACTS—CONSIDERATION.
  A contract to indemnify a surety on a bail bond in consideration of his going on the bond is supported by a sufficient consideration.

Appeal from special term, New York county.

Action by Dennis Maloney against Samuel Nelson, impleaded with others. From a judgment for plaintiff (39 N. Y. Supp. 930), defendant Nelson appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

W. H. Newman, for appellant.

L. Laflin Kellogg, for respondent.

RUMSEY, J. The action was brought against the appellant, with other defendants, to foreclose a mortgage, and upon the trial the plaintiff succeeded. From the judgment entered after that trial, the defendant Nelson, who gave the mortgage, appeals. For the purpose of sustaining his contention upon the appeal, he makes several objections, which will be considered in their order.

In the first place, he says that the contract was void as against public policy. The facts are that, just before the giving of the bond and mortgage, one O'Brien had been arrested for a felony, and held to bail in the sum of $10,000. The defendant Nelson intended to go upon his bond, but it was necessary to procure another surety, and, by way of inducing him to do so, Nelson offered to give him this bond and mortgage as indemnity for any liability which he might incur, whereupon he became one of the bail for O'Brien, and then this bond and mortgage was given by Nelson. The indemnity bond recited that Maloney had signed the bail bond for O'Brien as one surety in the penal sum of $10,000, with the usual conditions for the appearance of O'Brien, and then continued: "Now, therefore, if there shall be no default in said bond or recognizance so signed by said Maloney, then this obligation to be void, and otherwise to remain in full force and virtue." The bond and mortgage, therefore, as it will be seen, was made by one surety upon the undertaking of bail to indemnify the other surety against the failure of the principal to appear. The claim of the defendant is that such a contract is void as against public policy. His contention is, substantially, that the object for which bail is required is to assure the appearance of the prisoner to answer to the charge against him; that by accepting the custody of the prisoner he is transferred from the state to the sureties upon the recognizance, who, because of the pecuniary liability resulting from his escape, have a direct personal interest in securing his appearance; that this personal interest is diminished or taken away if they are permitted to indemnify themselves against the loss resulting from his failure to appear, and therefore such an indemnity impairs the effect of the contract which they have made. A contract is said not to be enforceable because it is against public policy, either because it is directly in violation of some provisions of law, or because the courts can see that its necessary result is to undermine public morals, to endanger the public health or public safety, to prevent competition at judicial sales, or to improperly influence legislation or the action of public officers for the administration of

justice, or to nullify the policy of the law. Unless something of this kind can be necessarily predicated of a contract, it does not interfere with the broad liberty which every person has to make such agreement as he sees fit, and a contract thus made will be enforced by the courts. The question whether such a contract as this one is void has been presented to the courts of England in several reported cases, but in only one of them was it a necessary point to be decided in the case. In the case of Jones v. Orchard, 16 C. B. 614, the court consider the question somewhat, but leave it undecided, saying simply that, while they were inclined to consider the point well taken, it was not necessary to come to a decision upon it. In Cripps v. Hartnell, 4 Best & S. 414, the action was upon a contract of a third person to indemnify the surety upon a bail bond. The question decided was simply that such a contract was not void by the statute of frauds, and the plaintiff was permitted to recover upon the contract, without any reference to the question whether it was void as against public policy. In Herman v. Jeuchner, 15 Q. B. Div. 561, the plaintiff had been required to give bond in the penalty of £50 sterling, with a surety, for his good behavior for two years. In order to induce defendant to give security for him, plaintiff deposited with the defendant the penalty of the bond. He afterwards sued to recover the penalty back again, and the defense was that the agreement was void as against public policy, and for that reason the court would not aid either of the parties, and so permit the plaintiff to recover back the money which he had deposited in part performance of the illegal contract. The court adopted this view of the case, and refused to permit the plaintiff to recover. The ground upon which the case was decided seems to be that the object of the law in requiring a surety upon a recognizance was to obtain the personal responsibility of the surety, and to require him to exercise it at the peril of pecuniary loss if he did not; and that his obtaining an indemnity removed the inducement for his personal vigilance, and therefore deprived the state of the security which it was intended to have for the performance of the law by the principal. In this country the point has been taken in several cases, but in none of them does it seem to have been decided, or even necessary to the decision of the case. In U. S. v. Simmons, 47 Fed. 577, the judge refused to approve of a bail bond, where it appeared that the sureties had been indemnified by the accused and others, for the reason that such a contract of indemnity was illegal, giving substantially the same reason as that suggested above. In U. S. v. Ryder, 110 U. S. 729, 4 Sup. Ct. 196, the question was discussed, but not decided, because a decision upon that point was not necessary. It was, however, suggested there that a contract of indemnity by the principal to the surety was illegal. In Anderson v. Spence, 72 Ind. 315, the only point decided was that a contract of indemnity, made by a party other than the accused, was not within the statute of frauds, and therefore that a parol contract was valid. The question seems to have been presented in Simpson v. Robert, 35 Ga. 180, and it was decided there that the contract was valid.

No decision upon the subject is to be found in the courts of this state. In view of the fact that contracts for the indemnity of sureties upon bail bonds have been frequently enforced in the courts, the fact that their validity has not been successfully attacked is of itself strong evidence that they have been presumed to be legal. In fact, there is no case holding that a contract made by a third party to indemnify a surety upon a recognizance is illegal, but all such contracts have been sustained. The only case in which there has been a suggestion that such contracts are invalid is where they have been made by the principal himself. It is not perceived that there is any valid distinction in principle between a contract made by the accused and one made by somebody else for his benefit, but, nevertheless, that distinction seems to exist in the books, and to result in contracts on the one hand being held valid, and on the other hand being disapproved. In this state, however, it is quite clear that there is no public policy which condemns such contracts. The legislature have regulated by statute the giving of bail in criminal cases, and, if the sureties were not to be permitted to indemnify themselves, it is quite probable that the legislature would have said so. Not only have they not said so, but it is not necessary to be inferred from the present condition of the law that the contract of bail need not depend upon the personal responsibility of the surety, because the legislature permit bail to be given not only by a recognizance signed by sureties in the old manner, but also by the deposit of money by the accused. Such a mode of giving bail necessarily does away with any idea of personal liability, and it is fairly to be inferred that such personal liability was not regarded by the legislature as of such importance that it was to be insisted upon in all cases. It is not, therefore, necessarily a part of the policy of the law that such liability must exist, and a contract which relieves the bail from that liability is not necessarily illegal.

The next point made by the defendant is that this question has already been decided in his favor by a judgment of the court of appeals. The facts bearing upon that question are that after the escape of O'Brien, and the forfeiture of his bail bond, and before the plaintiff had been called upon to pay any money, he brought an action to foreclose the mortgage, basing his right to do so solely upon the fact that he had become liable to pay, although it was conceded that he had not yet paid anything by reason of having signed the bond. At special term he recovered, but the judgment was reversed at general term, and a new trial ordered, for the sole reason that, the bond and mortgage being simply a contract for indemnity, there could be no recovery upon it until the plaintiff had been actually damnified by the payment of the money, and therefore the action was prematurely brought. From the order granting a new trial the plaintiff appealed to the court of appeals, giving the usual stipulation for judgment absolute in case the order was affirmed by the court of appeals (39 N. E. 82); and thereupon, after affirmance, judgment absolute was entered against him in that action, dismissing the complaint. The defendant now relies

upon that judgment as an adjudication here against the right of the plaintiff to recover in any event. The rule is that, where the plaintiff has been defeated in an action because the first suit was prematurely brought, the judgment entered in that suit is not a bar to another action brought after the right of action has accrued. Converse v. Sickles, 146 N. Y. 200, 207, 40 N. E. 777; Rose v. Hawley, 141 N. Y. 366, 36 N. E. 335. The defendant does not dispute this proposition, but he says that the adjudication becomes a bar in this case because of the stipulation of the plaintiff that, if a new trial was ordered in that action, judgment absolute might be entered against him; and his claim is that that judgment took away his right to recover, not only in the action in which the judgment was entered, but upon every other possible state of facts which might be presented with regard to the same bond and mortgage. The stipulation was required by the statute. It is contained in the notice of appeal, and is, substantially, that the plaintiff stipulates and agrees that, if the order of the general term granting a new trial shall be affirmed, judgment absolute shall be rendered against the plaintiff in favor of the defendant. It will be noticed that this stipulation is made in the action in which the appeal is taken. It refers simply to that action, and the effect of it is only to give the respondent in whose favor the new trial was ordered the same judgment, without a new trial, which he would have if a new trial had taken place in pursuance of the order of the general term. It is the same thing, in effect, as though upon the new trial the plaintiff had said in open court that in view of the law laid down by the appellate court he could not recover a judgment in the action in which the order was made, and for that reason consented that judgment might be taken against him; so that, in any event, the force of an adjudication after a judgment absolute upon such a stipulation depends upon the facts upon which the judgment is ordered, and the fact that the judgment comes by stipulation makes no difference with the binding effect of the judgment which is finally entered. It is quite true that, where such stipulation has been given, the courts say that, if the order for a new trial is affirmed, the judgment entered upon the stipulation finally determines the whole right of the defeated party, and that, although he may have had a good cause of action, he loses it because of his stipulation, although the new trial may have been ordered upon a point which was not necessarily decisive of it. It will appear from those cases, when they are examined, that the court was speaking simply with reference to the facts stated in the pleadings in the particular case, and the remark was made, not by way of deciding upon the rights, but simply by way of admonition to the appellant as to the risk which he took on entering into such a stipulation, where the new trial might have been granted for an error of the court which did not go at all to the merits of the case. None of the cases hold or suggest that the judgment entered upon such a stipulation is to be construed as finally disposing of any rights which were not necessarily involved in the pleadings set out in the particular case, or which were not in existence at the time the first action was com-

menced. To be sure, in the case of Rose v. Hawley, supra, this question was presented to the court of appeals, which declined to decide it, because it was not necessary to that case. But there is nothing in the opinion from which it can be inferred that the court would have decided it in favor of the defendant's contention here, and we can see no ground upon which that contention can be maintained.

The third point made by the defendant is that the bond and mortgage was without consideration. That point, however, is disposed of by the learned trial judge, who finds upon sufficient evidence that before the recognizance was given it was agreed that Nelson should give indemnity to Maloney as a condition of his going upon the bond.

This disposes of all the objections taken by the defendant to the judgment, and it necessarily results that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.