BAKER et al. v. WOMEN'S CHRISTIAN TEMPERANCE UNION OF ONEONTA et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. DEEDS—CONDITION—PREVENTION BY GRANTOR—EVIDENCE.
    Evidence showed that the owner of land conveyed it for a consideration of one dollar to a society, on condition that it should erect a building thereon, which the society began to erect, depending entirely on voluntary subscriptions therefor. While the building was in process of construction, the grantor told the builders that the grantee had obtained the deed thereto through fraud, and work was immediately stopped on the building. Subscriptions could not thereafter be collected on account of such assertion. *Held*, that the referee's finding that the erection of the building was prevented by the grantor's false and unwarranted claim of title, while the building was being constructed, was supported by the evidence.

2. SAME—ERECTION OF BUILDING BY GRANTEE.
    The owner of land conveyed it to a society, subject to the conditions that no intoxicating liquors should ever be sold thereon, and that a building should be erected before a certain date. The deed further recited that a substantial compliance with these requirements should be deemed essential to the validity and permanency of the title conveyed. The grantee entered the premises, and began the erection of the building. *Held*, that. the erection of the building was a condition subsequent, and hence a failure to comply with it, not willful, would not defeat the grantee's title.

3. SAME—CONDITION SUBSEQUENT—EFFECT ON TITLE.
    Where the owner of land conveyed it for a nominal consideration to a society, on condition that they erect a building thereon by a certain date, the failure of the society to erect the building, by reason of the grantor's subsequent acts and unwarranted claims of title, could not defeat the grantee's title.

4. SAME—CONDITION SUBSEQUENT AFTER JUDGMENT.
    Where the owner of land conveyed it to a society on condition subsequent that a building be erected thereon before a certain date, the fact that the grantor prevented the completion of the building by unwarranted claims of title would not authorize a judgment vesting the fee in the grantee unconditionally, but the condition should be performed within a reasonable time thereafter.

Appeal from judgment on report of referee.

· Action by Harvey Baker and others against Women's Christian Temperance Union of Oneonta, N. Y., and others to set aside a deed to land. From a judgment dismissing the complaint, plaintiffs appeal. Modified.

The decision of the referee upon which this judgment was entered contains the facts material to the appeal. Those facts are as follows: On the 28th day of April, 1894, Harvey Baker, of Oneonta, N. Y., was the owner in fee of certain premises, consisting of a village lot in the said village. Upon that day he executed a deed to the Women's Christian Temperance Union of Oneonta, N. Y., which recited a consideration of one dollar, assumed to grant the premises named, and further stated: "The object and purpose of this conveyance is to place the property herein described at the disposal of the grantee, the said Women's Christian Temperance Union of Oneonta, N. Y., and its legitimate successors, for all future time, to be used, occupied, and enjoyed for their benefit and advantage, as they shall deem best, to promote the cause of temperance, Christianity, education, and good morals, with the privilege of conveying such an interest therein to the Young Men's Christian Association of Oneonta, N. Y., or the corporation of the village of Oneonta, N. Y., or making such arrangements for joint use and occupation with either or both of said corporations as to said grantee and its successors shall seem to be for their best interest. Subject to the following conditions and limitations, viz.: The building to be placed thereon shall be erected as soon as the 1st day of January, 1896. And no intoxicating beverages shall ever be intentionally be permitted to be manufactured, sold, or given away or consumed within or · upon said premises, or any part thereof, and the said grantee is required to use all reasonable diligence to prevent a violation of this condition. A substantial compliance with the foregoing requirements shall be deemed essential to the validity and performance of the title hereby conveyed." This deed was delivered by the grantor to William H. Johnson, an attorney residing in the said village, with instructions to deliver the same to the grantee whenever the committee of such grantee decided that sufficient progress had been made to justify a belief that the project of the grantee to construct a building upon said premises for the purposes contemplated in the deed would prove a success. On the 19th day of October, 1894, the committee of the grantee made such report, and the deed was thereupon delivered,· and was recorded in the clerk's office of Otsego county, on the 20th day of October, 1894. The grantee thereupon entered into possession of the premises, and upon the 8th day of November, 1895, with the knowledge and concurrence of the plaintiff, made a contract with Butts & Packer, responsible contractors residing in Oneonta, to construct the said building at and for the price of $12,105. To secure the said contractors for a portion of the price agreed to be paid, to wit, $10,000, the grantee procured the defendants Marquis L. Keyes and others to execute a bond to the contractors for the payment of the contract price; and to secure the said bondsmen the grantee executed a mortgage upon the premises, which mortgage is in this action sought to be set aside together with the deed. The contractors thereupon commenced work and continued until the 9th day of December of that same year, when they were stopped by the defendant Marquis L. Keyes. Before the 9th day of December this plaintiff stated to the said Keyes that the aforesaid deed was obtained and put upon record by the defendant the Women's Christian Temperance Union through fraud, contrary to his instructions, and without his knowledge and consent; that the grantee had no title to the premises on which the said building was being constructed, and, if they put up a building on that lot, it might revert to him. The instruction of said Keyes to the contractor, acting in his own behalf and in behalf of the other bondsmen, was by reason of this false and unwarranted claim of the plaintiff, the said Keyes believing, with good reason and in good faith, that by reason of this claim it would be impossible to collect many subscriptions which had been made, by which the money was to be raised .with which to pay for the construction of said building. Attempts have been since made to collect a certain part of the subscriptions, which has failed in part by reason of this false and unwarranted claim of the plain-

tiff, and the omission to erect the said building has not been willful or intentional. The claim of the plaintiff that the deed had been fraudulently delivered, and that the property was not the property of the defendant association, was not made until a substantial part of the work had been done under the contract. The referee has found, as conclusions of law, that the deed conveyed to the grantee the title in fee of the premises, and the said title became vested when the deed was delivered, on the 19th day of October, 1894; that such title was subject to a condition subsequent, to wit, that the building should be erected on or before the 1st day of January, 1896; and that the performance of such condition subsequent was rendered impossible by the plaintiff Harvey Baker, by making the false and unwarranted claim as to the improper delivery of the deed, and that the defendant association had thereby become the absolute owner in fee of said premises, relieved from the condition contained in the deed so far as it required the erection of the building. Upon such findings the complaint was dismissed, with costs.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Andrew G. Washbon (Stephen L. Mayham, of counsel), for appellants.

William H. Johnson and A. R. Gibbs, for respondents.

SMITH, J. The appellants first challenge certain findings of fact, especially the finding that the erection of the building was prevented by the false and unwarranted claim of title made by the plaintiffs while the building was in process of construction. This finding has, however, abundant support in the evidence. The moneys to be raised for the construction of the building were to be raised upon voluntary subscriptions. Little evidence is required to justify the conclusion that the ability to collect such subscriptions would be largely hazarded by a question raised as to the title by the grantor, upon whatever facts he might base his claim. At least, it is with little grace that he can claim that the doubt which he himself has thrown upon the title is not a substantial doubt, especially when, from the time he first made his claim, he has persisted therein, and now persists upon this trial, that this deed was fraudulently delivered, and that the title to the property did not by this delivery vest in the grantee named. We have examined the evidence found in the record, and find no reason to disturb any of the findings of fact made by the learned referee.

The deed in question, after specifying the conditions, provided: "A substantial compliance with the foregoing requirements shall be deemed essential to the validity and permanence of the title hereby conveyed." This provision of itself would seem to be sufficient to characterize the condition. If deemed insufficient, however, the necessary occupation by the defendant of the premises, with a large expenditure thereon necessary for the fulfillment of the conditions, would stamp those conditions as conditions subsequent, a failure to comply with which, unless willfully made, will not defeat the defendants' title. In Towle v. Remsen, 70 N. Y. 311, Judge Miller, in writing for the court, says:

"No necessary technical word is required to constitute a condition precedent or subsequent, and the construction of such a condition must always be founded upon the intention of the parties. [Citing authorities.] Even

when the act does not necessarily precede the vesting of the estate, but may accompany or follow it, if the act may as well be done afterwards as before the vesting of the estate, the condition is subsequent. [Citing authorities.] The intent of the parties in the grant is quite apparent. Large expenses were to be incurred by the grantees for the building and improvement of the streets therein named. Large spaces between these streets were to be filled up, at a heavy outlay, and rents were to be paid annually. The improvements mentioned were also essential in order that the benefits to be derived from the grant might be realized. It is not reasonable to suppose that all these things were to be done without a particle of title or right being vested in the grantees. When they received the grant, they had a right to assume, and it was clearly intended, that they should be seised of an estate."

In Rose v. Hawley, 141 N. Y. 378, 36 N. E. 338, in speaking of a condition subsequent, it is said:

"It is not enough to show in this way that the letter of the condition is violated, but it must appear that its true spirit and purpose has been willfully disregarded by the grantee."

This being, then, a condition subsequent, has there been a substantial violation of the condition? The deed itself calls only for a "substantial compliance" with its conditions. This contract was not made until the 8th day of November, 1895. The contract calls for the completion of the building by the 1st of April, 1896. This contract was made with the concurrence of the plaintiff, and its execution was commenced not only with his concurrence, but with his assistance. The referee has found that the building would have been completed by the 1st day of January, were it not for his unlawful interference. Under the admitted facts of the case, however, even though it had been completed by the 1st day of April, we think that the condition would have been fairly satisfied, and the failure to complete the building before that time would have given no right to the grantor to re-enter.

The question remains as to the legal effect upon the conveyance of the unwarranted claim of the grantor as to the fraudulent delivery of the deed in causing the suspension of the work upon the building. That the suspension of the work was thus caused has been found by the referee, as we have held, upon abundant evidence. To allow the grantor to re-enter for a breach of a condition subsequent, the performance of which is made impossible by his own wrongful act, would be unconscionable law, and authority would hardly seem necessary to refute such a proposition. This plaintiff claims that he had been at all times anxious for the erection of this building, and yet he at all times claimed that the building would be his property when erected. At no time has he offered to waive his claim of the improper delivery of the deed, and to assure the grantees an unquestioned title, if within a reasonable time they would construct the building. In Rice, Mod. Law Real Prop., at page 778, the rule is laid down:

"Conditions which are impossible at the time of making them, or which afterwards become impossible by the act of God, or by the act of the grantor himself, are void, and an estate already vested thus becomes absolute. The reason is that the moment that a condition becomes impossible it ceases to be a condition in the sense intended by the grant, and, when this is not the fault of the grantee, he is not to be prejudiced thereby. Accordingly, the estate being vested, he holds it discharged of the condition."

We think the learned referee was clearly right, then, in his conclusion that the estate of the grantee had not been forfeited by the failure to erect the building within the time prescribed in the deed.

But this judgment has gone further than this. It has declared the absolute fee of these premises in this grantee relieved from the condition contained in the deed in so far as it required the erection of the building thereon. To this we cannot quite agree. The purpose of the deed is therein expressed. The performance of the condition subsequent has been rendered impossible by the grantor only as to the time of its performance. In Davis v. Gray, 16 Wall. 204, 21 L. Ed. 447, the headnote reads:

"Where the state of Texas made to a railroad company a large grant of land defeasible if certain things were not done within a certain time by the company, the fact that the so-called secession of the state, and her plunging into the war, and prosecuting it, rendered it impossible for the company to fulfill the conditions, in law abrogated them. However, as the court thought that the enforcement of the legal rule in the particular case would work injustice, it declined to apply such legal rule, and, applying an equitable one, held that the condition should still be complied with, but complied with in such reasonable time as would put the parties in the same situation, as near as might be, as if no breach of condition had occurred."

Justice Swayne, in writing for the court, says:

"The rule at law is that if a condition subsequent be possible at the time of making it, and becomes afterwards impossible to be complied with, by the act of God or the law or the grantor, the estate, having once vested, is not thereby devested, but becomes absolute. The analogy of that rule, applied here, would blot out these conditions. But this would be harsh, and work injustice. Equity will, therefore, not apply the principle to that extent. It will regard the conditions as if no particular time were specified. In such cases the rule is that the performance must be within a reasonable time."

It is neither an equitable nor a necessary construction that will authorize this grantee to hold this property for purposes other than those specified in the grant. After the title to this property has thus been declared in the grantee by judgment from which no appeal is taken or can be taken, the obstacle to the construction of the building has ceased, and the condition specified in the deed can be performed within a reasonable time thereafter.

We have examined the other objections raised by the appellant, and find no ground of complaint therein. The judgment should therefore be modified so as to dismiss the plaintiffs' complaint, with costs, and that part of the judgment which declares the title in the grantee, relieved from the condition contained in the deed, in so far as it required the erection of a building thereon, should be stricken out, and, as thus modified, the judgment should be affirmed.

Judgment modified so as to dismiss the complaint, with costs, and that part of the judgment which declares the title in the grantee, relieved from the condition contained in the deed, in so far as it requires the erection of a building thereon, stricken out, and, as thus modified, affirmed. No costs to either party. All concur, except MERWIN, J., not voting.