1831.

In the matter of Seaman.

---

## In the matter of SEAMAN and others, receivers, guardians, &c.

All the proceedings in the cases of special guardianship to sell infants' estates must be filed in the office where the order for the appointment of the guardian was entered.

A strict compliance with the 154th rule requiring guardians, receivers and committees to file inventories and accounts, will be rigidly enforced.

In ordinary cases, where a guardian, &c. neglects to comply with the rule, an order will be made requiring him within twenty days after service of a copy of such order on him personally, or at his residence, in case of his absence to file the inventory and account, and to pay the expenses of the order and proceedings thereon, or that an attachment issue against him.

And the order must also contain a provision requiring the register or assistant register to cause a copy of the same to be served, and to certify the default of the delinquent to the court, if he fails to comply with the order.

It is the duty of the solicitor who procures the appointment of a guardian, &c. to inform him of his duties under the rule, and how to perform them, and of the consequences of his neglect.

THE assistant register, pursuant to the general rule of the court, presented a list or written statement of receivers, guardians and committees who had neglected to file their inventories and accounts, as required by the 154th rule. He suggested to the court that in consequence of the proceedings, in the cases of special guardianships to sell infant's estates, being sometimes filed and entered in a different office from that in which the order for the appointment of the guardian had been entered, it become difficult in such cases to ascertain whether the property had been sold, and whether the special guardian was in default.

May 23d.

The CHANCELLOR said, that hereafter all the proceedings in such cases must be filed and entered in the office where the order for the appointment of the guardian was entered. He also said it was absolutely necessary to enforce the filing of these inventories and periodical accounts, in order to pro-

1831.

In the matter
of Seaman.

tect the rights of orphan children, and others, whose property was placed in the hands of guardians, committees, &c. That it was the determination of the court to compel a strict compliance with this rule; and also with that which makes it the duty of the injunction masters to examine and report upon such accounts. He further stated that it was the duty of the solicitor who procured the appointment of a guardian, committee or receiver, to give him the necessary directions as to making out his inventory, and the mode of keeping and rendering his periodical accounts; and also to inform him of the consequences of his neglect to comply with this general rule of the court. That hereafter, if these inventories and accounts were not filed in due season, the court would direct the attorney general to prosecute the bonds of the delinquents and their sureties, or would proceed by attachment to enforce the performance of that duty.

May 30th.

AFTER taking time to consider as to the best and least expensive mode of proceeding against the delinquent guardians, &c. the chancellor this day decided that in ordinary cases he would direct a special order to be entered, requiring the guardian, committee or receiver, within twenty days after the service of a copy of such order on him personally, or at his residence in case of his absence, to file the inventory and account, and to pay the necessary expenses of the order and of the proceedings thereon, or that an attachment issue against him; and directing the register or assistant register with whom the order was entered, to cause a copy of the same to be served on the delinquent, and to certify his default to the court, if the terms of the order were not complied with, within the time prescribed.

The following was settled by the CHANCELLOR as a precedent of an order in such cases:

" In the matter of )  .
   A. B. a lunatic. )

The *assistant* register of this court, [or *the clerk in this court for the first circuit,*] having presented a list or written statement of the several guardians, receivers and committees

whose appointments were entered in his office, and who have neglected to file their inventories, or accounts, for more than three months after the time limited for that purpose by the rules of the court; by which list or statement it appears that C. D. of Brooklyn, in the county of Kings, the committee of A. B. the above named lunatic, [*or the general or the special guardian of, &c.; or the receiver appointed in this cause,*] has neglected to file an inventory of the estate committed to his care, [*or the periodical account of his said trust,*] as required by the rules and practice of this court: It is therefore ordered that the said C. D. within twenty days after service of a copy of this order, file with the said *assistant* register [*or clerk,*] the said inventory or account, as required by the 154th rule of this court; and pay to the said *assistant* register [*or clerk,*] the costs of drawing and entering this order, and of all other proceedings thereon, or that an attachment issue against him. And it is further ordered that the said *assistant* register [*or clerk,*] cause a copy of this order to be served on the said C. D. by the delivery of the same to him personally, or, in case of his absence, to his wife or servant, or some member of the family at his dwelling house or place of abode; and if the said C. D. shall neglect to comply with the terms of this order, the said *assistant* register [*or clerk,*] is further directed to certify such neglect to this court, on the next regular motion day thereafter; to the end that an order for an attachment may be entered thereon."