WILLIAM CHAUNCEY and JOSEPH H. MYERS vs. ALONZO B. LANE and
WILLIAM E. MEEKER.

Where assignees of a co-partnership filed a bill and served an injunction on Defendant, who
was also a partner of the assignors, carrying on business separately—to restrain him from
proceeding to recover back property in a replevin suit, which the assignees had themselves
commenced, and by virtue of which they had taken the property of Defendant. *Held*,
that the injunction was properly allowed, and should stand, for if the Defendant should re-
cover back the property the court would be bound to interfere and apply the same to the
payment of the amount due from him to the assignees. It appearing by the bill that he
was largely indebted to the assignors at the time of their assignment.

*New York Special Term, Dec.* 1847.—This was a motion to dissolve
an injunction upon the matter of the bill only, under the 24th rule of
this court.

In November, 1844, one William Myers formed a copartnership with
the Defendant, Lane, in the retail crockery business, which was to be
conducted in the name of Lane.   Under their agreement Myers was to
furnish Lane with goods which were to be paid for by Lane, from time
to time, as he should make sales.   On the first of February, William
Myers formed a partnership with one John D. Myers, under the firm of
Myers & Co.   At this time Lane owned William Myers a balance of
$166,28, on account of the goods he had previously furnished.   Subse-
quently, the firm of Myers & Co., continued to furnish Lane with goods
upon the same terms.   The profits of the business were to be equally
divided between Lane and Myers and Myers & Co.

In November, 1846, Myers & Co., failed, and made an assignment of
their property, including their interest in their copartnership with Lane,
to the Plaintiffs.   When the assignment was made, Lane had in his
possession goods which had been furnished by Myers & Co., to the
amount of about $500, and was largely indebted to them on account of
such goods.   These goods were replevied by the Plaintiffs and the ac-
tion is now pending in the New York Common Pleas.   On the 9th of
February, 1847, Myers & Co. obtained a judgment against Lane for
$1121.05, which was assigned to the Plaintiffs.   On the 2d February,
1847, the Plaintiffs, as assignees of Myers & Co., recovered a judgment
against Lane for $274.75.   In December, 1846, Lane assigned the claim
he had against the Plaintiffs on account of the goods taken upon the
replevin to the Defendant Meeker, for the benefit of his creditors.

The bill prays for an account and settlement of the copartnership af-
fairs between Lane and Myers & Company.

H. Brewster, *for Defendants.*

W. H. Taggard, *for Plaintiffs.*

Harris, Justice.——Had the Plaintiffs filed their bill at the time they commenced their action of replevin, it would have been a matter of course to have taken the goods from the possession of Lane, and placed them in the hands of a receiver, to abide the result of the litigation between the parties. The Plaintiffs, by virtue of the assignment from Myers & Co., succeeded to their rights as against Lane, their co-partner, and became entitled to have the co-partnership affairs settled, and if any thing was due from Lane, to have the co-partnership effects, after satisfying the partnership debts, applied to the payment of such balance. Assuming, as we must for the purposes of this motion, that the allegations in the bill are true, Lane was indebted to Myers & Company at the time they made their assignment to the Plaintiffs, to an amount exceeding the value of the goods he then had in his possession. The difficulty in this case arises from the fact that the Plaintiffs are now seeking the aid of this court to restrain the Defendants from proceeding in a suit which they have themselves, perhaps, wrongfully commenced. From the statements in the bill itself, I am inclined to think the Plaintiffs must fail upon a trial of the replevin suit. And yet, if the allegations in the bill are true, the Plaintiffs themselves will be entitled to the whole amount of the judgment which might be recovered against them by Lane in the action of replevin. The question then is, whether, because the Plaintiffs have improperly taken the property of the co-partnership from the possession of Lane by virtue of the writ of replevin, this court will allow Lane to proceed in that suit to recover back the property, when it would be bound at once upon such recovery to interfere to apply the same property to the payment of the amount due from Lane to the Plaintiffs? I think not; I think the injunction was properly granted. This court have the power to do justice between the parties. If the goods in the possession of Lane, at the time of the assignment, were illegally taken from him by the Plaintiffs, they may be required by the decree in this suit not only to account for the value of the goods, but also to pay such damages as Lane may have sustained in consequence of being unjustly dispossessed of the goods and the costs incurred by him in defending the suit at law. I think, therefore, the motion to dissolve the injunction should be denied. The costs of the motion to abide the result of the suit.