In the Matter of the Petition of Sarah F. Spelman et al., Respondents, v. Edmund Terry, Special Guardian, etc., Appellant.

The Supreme Court has jurisdiction of proceedings to compel a special guardian appointed to sell the real estate of an infant to account for and pay over moneys received by him as such guardian.

Such a proceeding is not a motion within the meaning of section 271 of the Code of Procedure (§ 1015, new Code), but a special proceeding under section 311.

Where, therefore, a question of fact in the proceedings is referred, the fees of the referee may be allowed as costs.

The special guardian may not after his appointment, so use an invalid claim, held by him against the real estate, as to put a purchaser from him of such claim, in possession of the lands, rendering an action of ejectment, by the one lawfully entitled, necessary to regain possession; and for the damage arising for so doing he may be required to make full compensation.

A conclusion of a court is not *res adjudicata* when it is not a decision on the merits.

(Argued September 17, 1878; decided September 24, 1878.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, directing the appellant, as special guardian of certain infants, to pay over to the chamberlain of the city of New York the sum of $828.04, in discharge of his trust. (Reported below, 8 Hun, 205.)

On the 28th of March, 1851, the appellant became the owner of a lease, or declaration of sale, constituting a tax title affecting the premises known as 132 McKibben street, in the city of Brooklyn. He assigned it to one John G. Haight, on the 4th of June, 1851, and then commenced an action thereon against Freeman Brown, a colored man, who was the owner of the fee. Brown died in 1853, leaving two infant children. He left a will, by which he appointed Robert Brister, his executor. On the 18th of November, 1856, Brister paid to Mr. Terry, $132 for the expenses of the action mentioned and for the mesne profits, taking a receipt signed by Mr. Terry as the attorney of Haight. In

the receipt the suit is styled an ejectment, and the house and lot is said to have been sold for taxes about ten years before the receipt was signed.   Soon after the 1st of October, 1856, Haight re-assigned the lease or declaration of sale to Terry. In 1857, an application was made in the County Court of Brooklyn for the sale of the infants' estate, and Brister applied to Terry to conduct the proceedings therefor, which he consented to do ; and on his application to the county judge of Kings county was appointed special guardian to make the sale, and filed the bond required by law.   He made no sale as special guardian ; but on the 17th of April, 1858, and while he was still the attorney and special guardian, as stated, he sold the lease or declaration of sale to one Joseph Hunt, and retained the money as his own, claiming it as the proceeds of his individual, personal property.   Hunt took possession of the premises but was subsequently ejected under and by virtue of a judgment in ejectment.   It appeared that an application similar to this was made to the County Court of Kings county, which was denied.   On these facts the Special Term decided that Terry having, prior to the sale of the land, been appointed guardian, the sale must be considered one accruing to the infants' advantage ; he was ordered to account, and a referee was appointed to take the account. When the report of the referee was presented, a further order was made, directing Terry to pay the money received on the sale from Hunt, with interest thereon, with annual rests, deducting therefrom the sum of twenty-three dollars and thirty-five cents, paid for redeeming the land from a tax burden, but making no deductions for commissions, and should also pay ten dollars costs of motion and sixty dollars referee fees.   On appeal to the General Term it was referred back to the referee to report as to the validity of the tax sale, with directions that in case he reported it invalid the order of Special Term should stand as entered, except that the interest should not be computed with annual rests ; and that the special guardian should be allowed his disbursements in reference to the tax lease, and his commissions as

special guardian. The referee reported the tax lease invalid, and that the amount due after making the allowance to the special guardian, specified in the General Term order, was $828.04, which order was affirmed by the General Term, and from the order of affirmance this appeal is brought.

*E. Terry*, appellant in person. The Supreme Court had no jurisdiction in this matter. (*Martin* v. *Seaman*, 2 Paige, 409; 2 R. S., 359 [194], § 170.) The parties to this motion were estopped by the judgment of the county court. (*Pattison* v. *Perkins*, 12 Abb., 142; *Bouchard* v. *Dias*, 3 Den., 238; *Hunt* v. *Terrill*, 7 J. J. Marsh., 67; *Wilson* v. *Ray*, 24 Ind., 156; *Ferguson* v. *Banta*, 8 Geo., 524; *Gray* v. *Gray*, 34 id., 499; *Perkins* v. *Moses*, 16 Ala., 17; *Robinson* v. *Howdret*, 5 Cal., 428; *City B'k* v. *Waldron*, 1 La. An., 4.) The court erred in referring the question of the validity of the tax lease. (Code, § 271; *Peyser* v. *Mayor, etc.*, 5 N. Y. W'kly Dig., 127; 2 Kern., 308; 59 N. Y., 280.) Terry was not a trustee. (2 R. S., 359 [194], § 85; 4 Kent's Com., 309, 310.)

*John S. Davenport*, for respondents. The guardian was estopped by his position from claiming under the tax lease. (Perry on Trusts, § 433; *Stone* v. *Godfrey*, 5 DeG. M. & G., 76; *Benjamin* v. *Gill*, 45 Geo., 110.) The Supreme Court had jurisdiction. (*Stiles* v. *Beaman*, 1 Lans., 90; *In re Dakin*, 4 Hill, 42; *Ex parte Staats*, 4 Cow. 76.)

*Per Curiam.* The Supreme Court had jurisdiction in the matter. The bond of the special guardian was conditioned to account for all moneys according to the order of any court having authority to give direction in the premises. (2 R. S., p. 194, § 172.) If the County Court of Kings county had authority also, it was not exclusive. The rule made or announced by the chancellor in *Matter of Seaman* (2 Paige, 409), that all proceedings in such cases must be filed in the office where the order for the appointment of the guardian

was entered, does not interfere. The office of the county clerk of Kings county is the office of both the Supreme Court and the county court.

The case was not *res adjudicata.* In the proceeding before the County Court of Kings county, it does not appear for what reason that court denied the motion. It may have been upon some point not affecting the merits. It does appear that but one of the persons interested in the estate was a petitioner there. The facts as now presented were not developed there.

A conclusion of a court is not *res adjudicata,* where it is not a decision upon the merits. It does not appear that the merits were passed upon.

It does not appear to have been made a point below, that the appointment of the appellant as special guardian was not proven. It is alleged in the petition, and not denied by the affidavit of the appellant.

There was no question as to what was the real estate involved in the proceedings. It was sufficiently described by street and street number.

It does not appear that the fees of the referee exceeded the limit of the *per diem* allowed by statute, for it does not appear how many days he spent upon the reference. The case does not fall within the decision in *Concklin* v. *Taylor* (68 New York, 221). This was not a motion, within section 271 of the Code, but a special proceeding within section 311.

We think that the order should be affirmed upon the merits. We do not hold that one appointed special guardian to sell infants' real estate, who then holds a valid incumbrance upon or a claim against the same, thereby loses his rights in his incumbrance or claim, or is to forego the sale of it to his own advantage. What we hold is, that he may not after he is appointed, so use an invalid claim held by him, as to put a purchaser of it from him into possession of the lands; whereby an action of ejectment is made necessary to regain possession by the one lawfully entitled. It is an act in hos-

tility to the interests of his ward ; and inconsistent with the duty he owes. For the damage from such act he should make just compensation. Such rule is a branch of the principle that one holding a relation of trust to another cannot deal with the trust estate or fund to his own profit and the harm of the *cestui que trust.*

We think that the General Term was not illiberal towards the appellant, in the terms it imposed upon him.

The order should be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed.