EDMUND W. CONVERSE et al., Appellants, *v.* DANIEL E. SICKLES, Sheriff, etc., Respondent.

Where a sale of goods on credit has been induced by fraud on the part of the purchaser, the vendor may, on discovery of the fraud, disaffirm the sale and follow the proceeds of the goods in the hands of a sheriff, who has levied upon and sold them by virtue of an execution against the purchaser.

The question of *res adjudicata*, estoppel or a bar, by reason of a former judgment cannot be disposed of on the judgment alone, but is to be determined by the judgment roll.

Defendant, a sheriff, under executions against F. R. & Co., levied upon certain goods which had been sold on credit by plaintiff to that firm. Plaintiff, claiming that the sale was induced by fraud, disaffirmed the sale, and brought an action of replevin to recover the goods. On trial of said action plaintiffs' counsel, in his opening, stated that he was unable to show that a demand upon defendant for a return of the goods was made and refused, and conceded that the goods had been taken by plaintiffs and disposed of. Thereupon, on motion of defendant's counsel, a verdict was rendered for defendant for a return of the goods, and assessing their value at a sum agreed upon. Judgment was entered and plaintiffs paid the amount thereof, but served on defendant a demand in writing for a return of the money, which they claimed as the proceeds of goods obtained from them by fraud. On refusal to return, this action was brought, plaintiffs claiming to charge defendant as trustee for the proceeds of their goods in his hands, and asking for an accounting and payment over of such proceeds. *Held*, that the judgment in the replevin suit was not conclusive against plaintiffs, either as *res adjudicata*, estoppel or a bar; that the decision was in effect simply that the action was prematurely brought, and there was no adjudication on the merits.

Also, *held,* that it was immaterial that the moneys paid over to the sheriff were not the identical moneys received by plaintiffs for the goods ; that as they were paid over as the proceeds they were to be so regarded.
*Converse* v. *Sickles* (74 Hun, 429), reversed.

(Argued May 2, 1895; decided May 21, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 1, 1893, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederic R. Kellogg* for appellants. The principle that money paid under a valid judgment cannot be recovered back, though not justly due to the judgment creditor, only applies to cases in which the judgment is *res judicata* upon the questions sought to be raised in the second suit. (Cobbey on Replevin, §§ 1105, 1111, 1118, 1162, 1163 ; Wells on Replevin, § 494 ; *Fleet* v. *Lockwood,* 17 Conn. 240 ; *F. Ins. Co.* v. *Robinson,* 82 Penn. St. 359 ; *F. Ins. Co.* v. *Heath,* 95 id. 340 ; *Greenbaum* v. *Lloyd,* 60 Mo. 25 ; *Marriott* v. *Hampton,* 7 Term Rep. 269 ; *Nettleton* v. *Beach,* 107 Mass. 500 ; *McMurtie* v. *Keenan,* 109 id. 186 ; *Weeks* v. *Thomas,* 21 Maine, 465 ; *Roberts* v. *Norris,* 67 Ind. 352 ; *Walbridge* v. *Shaw,* 7 Cush. 560 ; *Crosby* v. *Baker,* 66 Allen, 295 ; *Moreton* v. *Sweetser,* 12 id. 137 ; *Terryll* v. *Bailey,* 27 Minn. 304 ; *Armel* v. *Layton,* 33 Kans. 41 ; *Landers* v. *George,* 49 Ind. 309 ; *Fishli* v. *Fishli,* 1 Blackf. 360 ; *Voge* v. *Breed,* 14 Bradw. 538.) The judgments in favor of the defendant in the prior replevin suits are not a bar to the litigation, in this action, of the questions of fraud and rescission. (*Lorillard* v. *Clyde,* 122 N. Y. 47 ; *Pray* v. *Hegeman,* 98 id. 358 ; *Bell* v. *Merrifield,* 109 id. 210 ; *Maloney* v. *Horan,* 49 id. 111 ; *Dunham* v. *Bower,* 77 id. 79 ; *Shaw* v. *Broadbent,* 129 id. 123 ; *Cromwell* v. *Sac Co.,* 94 U. S. 352 ; *Marsh* v. *Masterton,* 101 N. Y. 407 ; *Spelman* v. *Terry,* 74 id. 451 ; *Webb* v.

*Buckalew*, 82 id. 559; *Carmony* v. *Hoober*, 5 Penn. St. 305; *Gould* v. *E., etc., R. R. Co.*, 91 U. S. 533; *Rose* v. *Hawley*, 133 N. Y. 321; *Quackenbush* v. *Ehle*, 5 Barb. 473; *Dean* v. *Reed*, 37 Hun, 598; *Sheldon* v. *Edwards*, 35 N. Y. 287; *Daggett* v. *Robbins*, 2 Blackf. 415; *Roberts* v. *Norris*, 67 Ind. 352; *Walbridge* v. *Shaw*, 7 Cush. 560; *Crosby* v. *Baker*, 66 Allen, 295; *Morton* v. *Sweetser*, 12 id. 137; *Terryll* v. *Bailey*, 27 Minn. 304; *Armel* v. *Layton*, 33 Kans. 41; *Landers* v. *George*, 49 Ind. 309; *Unglisch* v. *Marvin*, 128 N. Y. 386; 1 Freem. Judg. §§ 273, 274; *Higgs* v. *Wells*, 12 Barb. 569; *Phillips* v. *Berrick*, 15 Johns. 137; *P. Co.* v. *Sickles*, 24 How. [U. S.] 333; Code Civ. Pro. §§ 1209, 1730; Wells on Replevin, § 494; *Fleet* v. *Lockwood*, 17 Conn. 240; *Lowe* v. *Higham*, 3 Allen, 430; Cobbey on Replevin, §§ 1105, 1111, 1118; *Warner* v. *Mathews*, 18 Ill. 83.) The payment of the money in question by the plaintiffs to the defendant in satisfaction of the replevin judgments was not voluntary. (*Bank* v. *Mayor, etc.*, 43 N. Y. 188; *Lott* v. *Swezey*, 29 Barb. 93; *Peyser* v. *Mayor, etc.*, 70 N. Y. 501; *Phelps* v. *Mayor, etc.*, 112 id. 216; *Vaughan* v. *Portchester*, 48 N. Y. S. R. 436; *Wheeler* v. *Ruckman*, 51 N. Y. 391.) The purchases of the goods in question from these plaintiffs by Fechheimer, Rau & Co. were induced by gross fraud and deceit. (*Rice* v. *Manley*, 76 N. Y. 87; *Eaton* v. *Avery*, 83 id. 34; *Cowin* v. *Call*, 21 Pick. 523; *Brackett* v. *Griswold*, 112 N. Y. 467; *Wakeman* v. *Dalley*, 51 id. 27; *Hammond* v. *Pennock*, 61 id. 150; *Spalding* v. *Keyes*, 125 id. 13; *Carey* v. *Hotaling*, 1 Hill, 316; *Miller* v. *Barbour*, 66 N. Y. 568.) Where the legal title to property is obtained by fraud, the fraudulent vendee, or any person obtaining the property or its proceeds other than a *bona fide* purchaser for value without notice, is chargeable in equity as a constructive trustee thereof, for the benefit of the individuals defrauded. (1 Perry on Trusts, § 166; *Ins. Co.* v. *Roulet*, 7 Paige, 567; 2 Story's Eq. Juris. §§ 1258, 1265; *Cavin* v. *Gleason*, 105 N. Y. 256; *Bank* v. *King*, 57 Penn. St. 302; *Bank* v. *Ins. Co.*, 104 U. S. 69; *Knatchbull* v. *Hallett*, L. R. [13 Ch. Div.]

696 ; *Ferris* v. *Van Vechten*, 73 N. Y. 113.)  The sheriff
actually obtained possession of the property sold to Fech-
heimer, Rau & Co. by these plaintiffs, and also of its pro-
ceeds, and became a trustee thereof for the benefit of these
plaintiffs.  (*Van Allen* v. *Bank*, 52 N. Y. 1 ; *Ferris* v. *Van
Vechten*, 73 id. 113 ; *Frank* v. *Bingham*, 58 Hun, 582 ;
*Cavin* v. *Gleason*, 105 N. Y. 256 ; *People* v. *Bank*, 39 Hun,
190 ; *McCall* v. *Fraser*, 40 id. 113 ; *Baker* v. *Bank*, 100 N.
Y. 31 ; *Bank* v. *Peters*, 123 id. 278 ; *Rabel* v. *Griffin*, 12
Daly, 248 ; *Bank* v. *Ins. Co.*, 104 U. S. 66 ; *Bank* v. *King*,
57 Penn. St. 202.)  These plaintiffs, although not the real
owners of the goods at the time of making the sales, never-
theless became subrogated to all rights of the original manu-
facturers, and are endowed with full power to prosecute this
action.  (*Bank* v. *Ins. Co.*, 104 U. S. 66 ; *Brown* v. *Houck*,.
41 Hun, 18.)  The possibility that plaintiffs whould have a
remedy at law in an action in the nature of money had and
received does not oust this court of its jurisdiction.  (1 Pom.
Eq. Juris. § 278 ; 2 Story's Eq. Juris. 1256 ; *Ins. Co.* v.
*Roulet*, 7 Paige, 567 ; 24 Wend. 518 ; *Roberts* v. *Ely*, 113
N. Y. 132.)

*Alex. Blumenstiel* for respondent.  The judgments obtained
by the defendant against the plaintiffs in the replevin suits
constitute a complete bar to any recovery of the plaintiffs in
this action.  (Code Civ. Pro. § 1209 ; *Stowell* v. *Chamberlain*,
60 N. Y. 277 ; *Porter* v. *Kingsbury*, 77 id. 154; *McKnight*
v. *Dunlap*, 4 Barb. 36 ; *Manning* v. *B. & S. A. R. R. Co.*,
18 Civ. Pro. Rep. 40 ; *Place* v. *Harwood*, 117 N. Y. 491 ;
*Goeble* v. *Iffla*, 111 id. 170 ; *Pray* v. *Hegeman*, 98 id. 351 ;
*Kenny* v. *Apgar*, 93 id. 539 ; *Moeschler* v. *Lochte*, 12 N. Y.
S. R. 855 ; *Angell* v. *Hollister*, 38 N. Y. 378 ; *Yates* v. *Fus-
sett*, 5 Den. 21; *Lorillard* v. *Clyde*, 122 N. Y. 47; *Bell* v.
*Merrifield*, 109 id. 202.)  The question of duress in paying
the judgment does not arise.  (*Skeate* v. *Beale*, 11 Ad. & El.
983 ; *Wilcox* v. *Howland*, 23 Pick. 167; *Kraemer* v. *Den-
terman*, 35 N. W. Rep. 276; *Radich* v. *Hutchins*, 95 U. S.

210; *T. Ins. Co.* v. *Heath*, 95 Penn. St. 333; *Scholey* v. *Halsey*, 72 N. Y. 578; *Goodwin* v. *Wertheimer*, 99 id. 149; *Griswold* v. *Burroughs*, 39 N. Y. S. R. 768.) The moneys paid in satisfaction of the judgments were not clothed with any trust in favor of the plaintiffs. (*Wise* v. *Grant*, 140 N. Y. 593–597; *Goodwin* v. *Wertheimer*, 99 id. 149; *Griswold* v. *Burroughs*, 39 N. Y. S. R. 768; *A. S. R. Co.* v. *Fancher*, 81 Hun, 56; *Cavin* v. *Gleason*, 105 N. Y. 256.) The money paid was not the proceeds of the property replevied from the sheriff. (29 N. E. Rep. 493.) There was not sufficient proof to establish fraud or wrongful taking by Fechheimer, Rau & Co. (*Brackett* v. *Griswold*, 112 N. Y. 454; *Schultz* v. *Hoagland*, 85 id. 464; *Morris* v. *Talcott*, 96 id. 100; *Coffin* v. *Hollister*, 124 id. 644; *Hotchkiss* v. *T. A. R. R. Co.*, 127 id. 329; *Baird* v. *Mayor, etc.*, 96 id. 567.)

Haight, J. This action was brought to charge the defendant, as a trustee for the benefit of the plaintiffs, with the sum of $5,312.99, as the proceeds of certain merchandise alleged to have belonged to the plaintiffs, but wrongfully detained by the defendant.

The plaintiffs claimed that they were induced by fraud and deceit to sell and deliver the goods in question to the firm of Fechheimer, Rau & Co., and that shortly thereafter the same were seized by the defendant, who claims to have levied thereon by virtue of executions issued to him by judgment creditors of the firm; that the plaintiffs immediately after the discovery of the fraud practiced upon them disaffirmed the contract of sale and replevied the goods, which they subsequently disposed of. Two actions in replevin were commenced. A portion of the goods were taken in one action and the remainder in the other. When one of the actions was brought to trial the plaintiffs' counsel, in his opening, stated " that he was unable to show that prior to the commencement of the action a demand was made upon the sheriff for a return of the goods, and that the same was refused, and conceded that the goods had been taken by the plaintiffs and

disposed of." The court thereupon, on motion of the defendant, directed a verdict for the sheriff for the return of the goods, and assessed the value at an amount agreed upon. Similar direction was made in each action, varying only in amounts. No evidence was taken upon the trial of either action; the verdicts being directed solely upon the plaintiffs' opening in each case. A stay of execution upon the judgments was ordered until July 12, 1892, at which time the plaintiffs being advised that it was hopeless to prosecute an appeal, paid the amounts to the sheriff as they claimed under duress of judgment, at the same time demanding from the sheriff in writing the return of the money as the proceeds of the goods which they claimed had been procured from them by the fraud and deceit of Fechheimer, Rau & Co. The sheriff having refused to return the money, this action was brought. Upon the trial the court found as a conclusion of law that the judgments in the two replevin actions are binding adjudications against the right of the plaintiffs to maintain this action, and constitute effectual bars to the same, and that the money paid over to the defendant in satisfaction of those judgments was not, therefore, impressed with any trust in favor of the plaintiffs.

If this case is to be treated as an action to recover back the amount paid in satisfaction of the two judgments entered in the replevin actions, it cannot be maintained for reasons well stated in the opinion delivered by the General Term. But such we do not understand to be the character of the action. In the demand made upon the defendant for the money paid over, it was stated that it represented the proceeds and value of the goods which were obtained from the plaintiffs by Fechheimer, Rau & Co. by fraud and deceit, and to which neither Fechheimer, Rau & Co., nor the sheriff, nor the parties he represents, had any right or color of right. In the complaint this fund was alleged to be the proceeds of the goods which had been procured from the plaintiffs by Fechheimer, Rau & Co. by fraud and deceit, and with intent on the part of Fechheimer, Rau & Co. not to pay therefor; that the same had

been demanded from the defendant, and the notice before mentioned served upon him. The complaint then proceeds: " That the said defendant still holds and retains the said sum ; that said demand has been wholly refused, and no part of said sum has been paid to said plaintiffs, and that by reason of the foregoing facts the above-named defendant holds the said sum as trustee for these plaintiffs, and the plaintiffs are entitled to compel the said trustee to account to said plaintiffs for the full value and proceeds of the said goods, together with interest thereon as aforesaid, which said value, with interest thereon up to July 12, 1892, amounts to the sum of $5,312.99, and that the said defendant be compelled to pay over the whole of said sum for which he may be accountable to the said plaintiffs." The complaint then concludes with the following demand for judgment: " Wherefore, plaintiffs demand judgment against the said defendant, that he be compelled to account to the said plaintiffs for the full value of the said goods and proceeds, with interest thereon as aforesaid, and that he be compelled to pay over to the said plaintiffs the full sum with which he may be found accountable, and for such other and further relief as may be just." It thus appears to us that this action was brought to recover the proceeds derived from the sale of the goods which it is alleged were procured from the plaintiffs by Fechheimer, Rau & Co. through fraud and deceit, without intention to pay therefor, which proceeds are now in the hands of the defendant as sheriff. That such proceeds can be followed into the hands of a sheriff, or of an assignee for the benefit of creditors, is now too well settled to admit of question. (*Am. Sugar Refining Co.* v. *Fancher,* 145 N. Y. 552.)

It is contended, however, that the judgments in the replevin actions are estoppels, *res adjudicata* and a bar to the litigation in this action of the question of fraud and rescission. As we have seen, there was no trial of those issues in those actions. The verdict was directed by the court upon the motion of the defendant, based upon the statement of the plaintiffs' counsel in his opening that no demand had been made upon the

defendant for a return of the goods before the actions were brought. Such a demand was necessary. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.) The actions were, therefore, prematurely brought, and were disposed of upon that ground without a consideration of the issues now raised, or an opportunity given to be heard with reference thereto. There was no trial or adjudication upon the merits. There is no mention of the merits in the judgments entered. The only expression that appears having any bearing upon that subject is the recital that the jury had duly rendered a verdict in favor of the defendant. This does not conclude the parties. Under the circumstances it is in effect nothing more than a non-suit. The questions of estoppel, *res adjudicata* or bar, cannot be disposed of from the judgment alone. These questions have to be determined from the judgment roll, composed of the pleadings, the clerk's minutes of the trial and the judgment. The pleadings disclose the subject-matter in litigation and the issues formed, the minutes of the clerk, the proceedings had upon the trial and the judgment, the award made thereon. A knowledge of the subject-matter, issues formed, proceedings had and determination made, is essential in order to determine whether a party has had a day in court with a hearing as to the merits of his controversy. There are many cases in which close distinctions have been made upon the subject of *res adjudicata* as applied to second suits, but in support of our views we deem it unnecessary to here refer to more than the general principles recognized by the cases.

Freeman, in his work on Judgments, at section 263, upon the authority of Smith's Leading Cases, divides judgments which are not a bar to another action, because not on the merits, into the following classes: "1. Where the plaintiff fails for want of jurisdiction in the court to hear his complaint or to grant him relief. 2. Where he has misconceived his action. 3. Where he has not brought the proper parties before the court. 4. Where the decision was on demurrer and the complaint in the second suit sets forth a cause of action in proper form. 5. Where the first suit was *prematurely* brought.

6. Where the matter in the first suit is ruled out as inadmissible under the pleadings." At section 260 he says : " The estoppel arising from a judgment or decree is not odious because it is confined to those points which either were in fact litigated and determined between the parties, or which were determined in the absence of any actual contest, but not until after a full legal opportunity was given both parties to make such contest as they might deem proper. It follows from this that no judgment can be available as an estoppel unless it is a judgment on the merits." And at section 272 he says : " A judgment of a court possessing competent jurisdiction is final, not only in reference to the matters actually or formally litigated, but as to all other matters which the parties might have litigated and have decided in the cause."

In *Marsh* v. *Masterton* (101 N. Y. 401–407) it is said that, " in order to bar the second action, the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second. The estoppel of an adjudication made on grounds purely technical, and where the merits could not come in question, is limited to the point actually decided and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first. When a suit fails in consequence of a want of jurisdiction, or because the plaintiff misconceives the remedy, or did not bring the proper parties before the court, and not from any inherent defect, the substance of the cause is left at liberty and may be made the subject of another action. To render a judgment effectual as a bar, the cause of action must be substantially the same."

In *Shaw* v. *Broadbent* (129 N. Y. 114–123) RUGER, Ch. J., says : " In order that the judgment should have the effect claimed, it is not enough that the party produce a record showing a judicial determination of the same question litigated in his favor, but it must also appear that it was rendered upon the merits upon a material point and substantially upon the same facts presented in the subsequent case."

In *Rose* v. *Hawley* (141 N. Y. 366–375) it is said : " Where

a party has been defeated in his action by reason of neglect to perform some *preliminary* act necessary to perfect the cause of action, such as the giving of notice or the like, the judgment is not a bar to another action begun after the cause of action has become perfected by the giving of notice, or the performance of the requisite preliminary act, whatever it may be."

In *Appleby* v. *Astor Fire Ins. Co.* (54 N. Y. 253–261) it is said *per curiam* that "there was no motion for a non-suit, but the court upon the whole case was requested to direct a verdict for the defendant. We are of the opinion that this request was in substance and effect the same thing as a non-suit." (See, also, *Spelman* v. *Terry,* 74 N. Y. 451; *Webb* v. *Buckelew,* 82 id. 559; *Pray* v. *Hegeman,* 98 id. 358, and *Bell* v. *Merrifield,* 109 id. 210.)

It is now urged that the money in the hands of the sheriff sought to be recovered is not shown to be the proceeds of the goods procured by Fechheimer, Rau & Co. from the plaintiffs. Some of it may be money paid for costs, etc., in the replevin actions, but as to the greater portion we think it must be regarded as the proceeds of the goods. It was paid over to the sheriff as such. The plaintiffs disposed of the goods whilst they were in their hands, pending the determination of the replevin actions. Money has no earmarks, and it makes no difference whether the identical money received by the plaintiffs for the goods was paid over to the sheriff or other money substituted in its place, as long as it was paid over as the proceeds of the goods.

The trial court refused to pass upon the question of fraud and deceit or to make findings upon that subject. We do not deem it advisable to now indulge in any expressions of opinion in reference thereto. The evidence upon that subject calls for the careful consideration of the trial court, and the issues raised by the pleadings should be determined by it.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except GRAY, J., not voting.

Judgment reversed.