(8 App. Div. 150)

## LADEW et al. v. HART et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

**1. RES JUDICATA—ISSUES NOT INVOLVED IN FORMER ACTION.**

After goods which plaintiff was induced to sell by the fraudulent representations of the buyer as to his financial condition had been levied on under judgments confessed by the buyer, plaintiff brought replevin against the buyer and the sheriff who made the levy. Judgment was rendered against plaintiff, awarding to the sheriff the amount of the executions which he had levied. The judgment was not rendered on the merits, but solely on the ground that, at the time of the levy, plaintiff had not rescinded the sale, and therefore could not maintain replevin. *Held,* that plaintiff was not precluded from afterwards suing to cancel the judgment rendered in favor of the sheriff, and to procure an adjudication that the property replevied belonged to plaintiff, and that his cause of action be set off against the judgment in favor of the sheriff, and that the sheriff be enjoined from further prosecution of the judgment.

**2. SET-OFF—ENFORCEMENT BY ACTION IN EQUITY.**

In replevin by the seller of goods against the fraudulent buyer and the sheriff who had levied thereon under judgments against the buyer, judgment was rendered in favor of the sheriff for the amount of executions levied by him. The judgment was not rendered on the merits, but solely on the ground that at the time of the levy plaintiff had not rescinded the sale, and therefore could not maintain replevin. *Held,* that an action by plaintiff against the sheriff and the buyer, to procure an adjudication that the property belonged to plaintiff, that the sheriff be adjudged liable for conversion to the amount of the judgment rendered in his favor, and that plaintiff's cause of action for conversion be set off against the judgment in favor of the sheriff, and that he be enjoined from further prosecution of the judgment, was maintainable on the ground of set-off.

Appeal from special term, Albany county.

Action by Edward R. Ladew and Joseph Ladew against John W. Hart, late sheriff of Albany county, Charles D. Rathbone, and others, to recover a quantity of leather, and for other relief. From an interlocutory judgment overruling the demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Isaac Lawson, for appellants.

Hale, Bulkeley & Tennant, for respondents.

MERWIN, J. The main facts, as alleged in the complaint, are as follows: On or about the 2d day of June, 1887, Fayerweather and Ladew, relying upon certain false and fraudulent representations made by the defendant Rathbone, sold and delivered to him 1,000 sides of leather, of the value and at the price of $5,535.20. Rathbone was then insolvent, and intended to get the goods without paying anything therefor, and concealed his insolvency and impending failure. On the 17th August, 1887, several judgments were entered in Albany county against Rathbone upon offers of judgment

made by him, and on the same day executions thereon were issued to the defendant Hart, who was then sheriff of the county, and he made a levy upon 905 sides of the said leather. On the 24th August, 1887, Fayerweather and Ladew, having learned of the fraud of Rathbone in the purchase of the goods, demanded from Hart the possession and delivery of the leather, but Hart refused to comply with the demand. Thereupon, on the same day, Fayerweather and Ladew commenced in the supreme court an action of replevin against Hart and Rathbone, and replevied and took into their possession the leather. Issue was joined in the action, and on the 6th February, 1891, the plaintiffs herein, having succeeded to the rights of Fayerweather and Ladew, were substituted therein as plaintiffs. The action was brought to trial on 8th October, 1894. Proof was given establishing the fraud, but the court directed a verdict awarding to the defendant Hart the property, and fixing the value of the then special interest of Hart as sheriff at the sum of $3,307.74, and for no cause of action against Rathbone. Thereafter, on 10th July, 1895, judgment was accordingly entered, in and by which it was adjudged that there be awarded to Hart, sheriff, etc., the said sum of $3,307.74, and, if that is not collected, then the delivery of the property; and that Hart also recover his costs,—the amount being fixed,—and also the interest on the said $3,307.74 from the date of the rendition of the verdict, and that the complaint be dismissed as to the defendant Rathbone. The amount of $3,307.74 was made up of the sums uncollected on the executions held by Hart, and he claimed no personal interest in the property or as sheriff, except the amount remaining due on the executions, which was conceded to be the above-named sum. The judgment in the replevin action was not rendered upon the merits, and did not involve the merits, but was made upon the authority of Wise v. Grant, 140 N. Y. 593, 35 N. E. 1078, solely on the ground that at the time Hart made the levy the plaintiffs had not rescinded the sale, and so the plaintiffs could not maintain replevin. The value of the 905 sides of leather levied on by Hart was $4,106.57. The defendant Rathbone is insolvent, and Hart is of doubtful responsibility. Hart threatens to collect the judgment, and, if he does so, will apply the proceeds in payment of the balances due upon the said executions. It is also alleged generally that the plaintiffs are the owners of the property, and have no adequate remedy at law. The costs of the replevin action have been paid. The plaintiffs are willing and offer to release and discharge Hart from all liability to plaintiffs for conversion of the property, provided the judgment of Hart against the plaintiffs be canceled or its enforcement perpetually enjoined. The owners of the judgments upon which the executions were issued are made parties defendant. Relief is demanded that the property be adjudged to belong to the plaintiffs; that the defendant Hart be adjudged liable for a conversion to the extent of $3,307.74 and interest; that the plaintiffs be allowed to retain the possession of the property, and their cause of action for conversion be set off

against the judgment in favor of Hart, and that Hart be enjoined from the further prosecution of the judgment. General equitable relief is also asked.

In the replevin action there was no adjudication that the plaintiffs did not own the property or its proceeds. It was only decided that the plaintiffs had no right to bring an action in that form, and, if so, no issue as to the property was triable. The judgment was, in effect, a nonsuit, although in form a verdict was directed for the defendants. Converse v. Sickles, 146 N. Y. 200, 207, 40 N. E. 777. The case being dismissed upon the ground it was, the question of plaintiffs' ownership was not tried, nor was the question whether the sheriff had any valid lien. The amount for which he claimed to hold the property was fixed, but there was no determination that, as against the plaintiffs, his claim was a valid one. The plaintiffs claimed that the sheriff had no interest or lien whatever, good as against them, and the court, under the rule of the Wise Case, said to the plaintiffs that their rights could not be determined in that action. I fail, therefore, to see how the plaintiffs had any opportunity in the replevin action to contest the sheriff's claim. The proposition of the learned counsel for the defendants that the plaintiffs did have such a right, and therefore cannot maintain this action, is not, I think, tenable.

It is further claimed by the defendants that this action cannot be maintained on the ground of set-off. This case has peculiar features that place it on a different basis from any ordinary case of set-off. The property, as we must assume, belongs in fact to the plaintiffs. If it is delivered over to the sheriff under the judgment in the replevin case, it still belongs to the plaintiffs, and the sheriff, if he does not hand it back to the defendants, is liable in conversion for the value. In the Wise Case the liability for a conversion was conceded, although replevin was not maintainable. In conversion the measure of damages would be the value of the property. The owner of property wrongfully converted may waive the tort, and sue for and recover its value as upon an implied contract of sale, although the property has not been disposed of by the wrongdoer. Terry v. Munger, 121 N. Y. 161, 24 N. E. 272. So that upon that basis the plaintiffs might have an action as upon contract for the value of the goods. If, instead of delivering back the property itself, the amount fixed in the judgment as the amount of the special interest of the sheriff was paid to the sheriff, then, according to the case of Converse v. Sickles, supra, the plaintiffs could treat that amount in the sheriff's hands as the proceeds of their goods, and compel the sheriff to pay the same over to them. The sheriff could be charged as trustee for the plaintiffs, the owners. But the defendants say the plaintiffs should deliver the property, or pay the money to the sheriff, and then assert any legal remedy they may have. In other words, the plaintiffs should part with their own property, and take their chances on recovering it back. In Chauncey v. Lane, 3 How. Prac. 248, it was held by Judge

Harris that, though goods have been wrongfully taken on a replevin, yet if the defendant, in case of success, would be bound to account to the plaintiff for the same, proceedings in the replevin suit will be enjoined, it being said that provision might be made for the costs, and for any damages the defendant may have sustained by the dispossession. In Parker v. Britt, 4 Heisk. 243, it was held that a judgment would not be enforced against a party who was in fact entitled to the proceeds if collected. The jurisdiction of a court of equity to grant injunctions to stay proceedings at law is a broad one. Relief of that kind is granted on the ground that from certain equitable circumstances, of which the court of equity has cognizance, it is against conscience that the party inhibited should proceed in the cause or enforce the judgment. 2 Story, Eq. Jur. §§ 874, 877. So, as to set-off, it is said that "courts of equity will extend the doctrine of set-off, and claims in the nature of set-off, beyond the law in all cases where peculiar equities intervene between the parties." Id. § 1437b. A case for equitable relief is, I think, presented by the complaint. The subject-matter of the judgment belongs to the plaintiffs, and, if they pay, the money is held in trust for them, according to the Converse Case, and, if the property is delivered, the sheriff is liable for its value. Such being the situation, there would seem to be no good reason for allowing the judgment to be enforced, any more than there would be in case of a judgment in fact paid, and which the judgment creditor was seeking to enforce. 2 Story, Eq. Jur. § 876.

It is suggested on the part of the defendants that the plaintiffs are attempting to avoid the statute of limitations. A defense based on that statute is not raised by demurrer. Sands v. St. John, 36 Barb. 628. If the plaintiffs have been guilty of laches, that subject may arise in a future stage of the case. Nor is there any question here as to the propriety of trying in this form of action the question of fraud. In the Converse Case it seems to have been assumed that it might be. The foregoing considerations lead to an affirmance of the judgment.

Interlocutory judgment affirmed, with costs, with leave to the defendants to answer in 20 days upon payment of the costs of the appeal and of the demurrer. All concur.