JACKSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

DOUBLE TAXATION—ESTATE—RELIEF—EQUITY.

Where plaintiff's personalty was assessed in one borough, and the tax paid, and by mistake the same property was assessed in another borough, in which he had never resided, plaintiff was entitled to equitable relief by way of injunction of proceedings to collect the second tax.

Appeal from special term, New York county.

Action by Theodore F. Jackson, trustee, against the city of New York. From a judgment sustaining a demurrer to the complaint (69 N. Y. Supp. 879), plaintiff appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Jos. A. Burr, for appellant.
James M. Ward, for respondent.

INGRAHAM, J. The complaint alleged that the personal property of the plaintiff, as trustee, subject to taxation, was assessed by the tax commissioners of the city of New York for the year 1899 at $25,000, and upon that assessed valuation a tax was imposed amounting to $585.25, which the plaintiff duly paid to the deputy

receiver of taxes in the borough of Brooklyn; that, "by mistake and error on the part of the officers and employés of the defendant charged with the duty of fixing assessments and levying the taxes based thereon, the said personal property in his possession and under his control as such trustee, and being the same property which was assessed to him as aforesaid in the borough of Brooklyn, was also assessed to him in the sum of twenty-five thousand dollars, for the purpose of general taxation for the year 1899, in the borough of Manhattan, in the city of New York; that thereafter a tax was levied and confirmed thereon amounting to the sum of six hundred and twenty $^{10}/_{100}$ dollars," and that when the plaintiff had paid the taxes in the borough of Brooklyn he had no knowledge that another tax had been imposed upon the same property in the borough of Manhattan; that the plaintiff did not reside, and never has resided, in the borough of Manhattan; that it was the intention of the board of taxes and assessments in the city of New York to assess the personal property of the trust in plaintiff's hands but once, and that in the sum of $25,000; and that it was the intention of the officers of the defendant to levy but one tax upon said estate in the city of New York; and the plaintiff asks for an injunction restraining the city of New York, its officers and employés, from taking any further proceedings to collect any tax based upon the aforesaid assessment, the tax upon which has been duly paid.

The facts in this case are peculiar, and certainly justify the court in awarding the plaintiff some relief, if it can be done consistent with the rules of law. The right of the plaintiff to relief is not based upon an erroneous assessment, nor upon an erroneous tax. The plaintiff is liable to taxation. The tax commissioners of the city of New York properly assessed his property for that purpose, and he has paid the tax. But the tax officials of the city of New York have threatened to, and are about to, collect from the plaintiff another tax upon the same property, which has already borne its share of the public burden, and because, by mistake, this property is entered for taxation once in the borough of Brooklyn, and once in the borough of Manhattan, in which latter borough the plaintiff does not reside, and never has resided. The plaintiff was properly assessed for taxation. The tax was properly imposed upon the property thus assessed, and was paid, and by such payment the property in the possession of the plaintiff was relieved from additional taxation. The act of the defendant in threatening to take steps to collect another tax upon this property is clearly illegal, and, to prevent this illegal act, it would appear that the plaintiff should have some remedy. It is conceded that, to justify the court in interfering, the case must be brought within one of the recognized heads of equity jurisprudence. Equity has, however, jurisdiction to correct a mistake by which double liability is imposed, where such mistake depends upon the proof of facts outside of the record, and where, in consequence of such a mistake, an obligation that has already been paid and discharged still appears of record as a valid claim; and that, it seems to me, is this case. The case seems to be analogous to that of a judgment which has been paid, but which, by mistake of the

public officers, still remains a valid judgment against the judgment debtor. There certainly could be no claim that under such circumstances a court of equity would be without power to enjoin the enforcement of such a judgment. This tax has many of the attributes of a judgment. It can be enforced by levy and sale of the property of the plaintiff under a warrant issued to a marshal, and it is certainly no answer to an application to enjoin an enforcement of the tax in such a manner that the plaintiff would have a right to recover the amount of the tax from the city of New York. As was said in Ladew v. Hart, 8 App. Div. 150, 40 N. Y. Supp. 509:

"The jurisdiction of a court of equity to grant injunctions to stay proceedings at law is a broad one. Relief of that kind is granted on the ground that, from certain equitable circumstances of which the court of equity has cognizance, it is against conscience that the party inhibited should proceed in the cause or enforce the judgment. Such being the situation, there would seem to be no good reason for allowing the judgment to be enforced, any more than there would be in case of a judgment in fact paid, and which the judgment creditor was seeking to enforce."

Here, as a fact, the tax has been .paid, and yet notwithstanding that fact the defendant is about to enforce its payment. It would seem to me entirely within the principles of equity that the proceedings to enforce this tax should be enjoined. The court below denied the plaintiff's right to relief in this action upon the ground that the plaintiff had a complete remedy at law, but this is doubtful. If the plaintiff should pay this tax, the question of a voluntary payment would be presented; and the plaintiff is not bound to wait to have his property seized by the marshal and sold, when all he could recover from the city would be the amount realized from the marshal and applied in payment of the tax. I can see no reason, in a case of this kind, where the remedy at law is doubtful and would involve troublesome litigation, why the court, upon the facts being conceded, should not enjoin the defendant from collecting a tax which has in fact been paid. I think, therefore, that there was a good cause of action, and that the demurrer should not have been sustained.

It follows that the judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to answer within 20 days, upon payment of costs in the court below and in this court. All concur.

HATCH, J. I concur in the opinion of Mr. Justice INGRAHAM delivered in this case. It has long been established that equity will not ordinarily interfere by injunction to restrain the collection of a tax, or to interfere with an assessment or an assessor. The reasons for the rule rest upon the principle of a sound public policy, which requires that the measures adopted for the laying and gathering of the public revenues of the state should not be interfered with; and where the party has a substantial, adequate remedy at law, equity will not ordinarily interfere. Railroad Co. v. Nolan, 48 N. Y. 513; Heywood v. City of Buffalo, 14 N. Y. 534. The case, therefore, in which equity will intervene to restrain the collection of a tax, must not only fall within some recognized head of equity jurisprudence, but must be attended with some extraordinary circumstance which

clearly takes it out of the general rule. Both of these conditions are found, I think, existent in the present case. It certainly is extraordinary that a municipality should be engaged in enforcing a tax upon property, which, concededly, the taxpayer has once paid. To compel payment of the tax under such circumstances is as clearly an unconscionable a proceeding as can well be presented or imagined, and the restraint of a court of equity has uniformly been interposed to prevent the enforcement of an unconscionable demand, in the absence of a certain, clear, and adequate remedy at law. Stilwell v. Carpenter, 59 N. Y. 414. The authorities relied upon by the respondent recognize such cases as falling under the recognized head of equity jurisprudence. The plaintiff in the present action may not resort to certiorari to remedy the mistake which has been committed without his fault, as the time has elapsed within which that may be done; and while it is true that he may pay the tax and recover it back, unless he be defeated upon the ground of voluntary payment, or he may permit his goods to be sold, and recover the amount which the sale produced, yet it is clear that neither one of these legal rights gives him that clear and ample protection embraced within the term "adequate remedy," and equity has expressly said that, where a party may not reap the full fruits through his remedy at law, it is not, in an equitable sense, an adequate remedy, and the court will interpose its equitable powers under such circumstances. Bomeisler v. Forster, 154 N. Y. 229, 48 N. E. 534, 39 L. R. A. 240. In that case, in a sense, there was an adequate remedy at law, but the court found it insufficient to resist an appeal to the exercise of its equitable powers. The present is also such a case, and, while we do not intend by this decision to remove the barriers which surround the collection of taxes which have been erected by the decisions relating to such questions, yet this case is so extraordinary in its character as to furnish an exception to the general rule. The demurrer should therefore be overruled.