### ROSSOW v. BURKE et al.

(Supreme Court, Appellate Term. December 11, 1906.)

FRAUD—EVIDENCE.

    One cannot maintain an action against persons as partners on the ground of fraud, in that they held themselves out as a corporation, by reason of which he made a contract with the corporation, when, in fact, no such corporation existed; a certificate of incorporation of such company, signed by such persons as incorporators, and having attached to it a receipt in full for taxes on the stock, having been filed in the office of the Secretary of State, though no stock was ever issued and nothing further was done to perfect the organization, and plaintiff having already secured an adjudication that such a corporation existed and that it entered into the contract with him, and having recovered judgment against it.

Appeal from City Court of New York, Trial Term.

Action by Herman Rossow against Edward Burke and others. From a judgment on a verdict for plaintiff, and from an order deny-

ing a motion for a new trial, defendants Burke and George Considine appeal. Reversed and dismissed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Isidor Cohn, for appellants.

House, Grossman & Vorhaus (Louis J. Vorhaus and Charles Goldzier, of counsel), for respondent.

GILDERSLEEVE, J. The plaintiff herein is the proprietor of a theatrical troupe known as "Rossow's Midgets." In January, 1904, as appears by the contract annexed to the complaint, the plaintiff entered into an agreement with the Lilliputia Company, described therein as "a corporation trading under the laws of the state of New York," to furnish performances of the above-named troupe during the summer season of 1904 in the Midget City at the amusement resort called "Dreamland," on Coney Island. The contract price for these performances was $250 per week. Pursuant to this contract the Rossow Midgets went to Dreamland on or about May 15, 1904, and give their performance in the Midget City daily up to and including June 15, 1904, upon which date they were discharged, having received two weeks' notice theretofore from the manager of the Midget City that their employment would be terminated upon that date. Upon the trial it was stipulated that the amusement season for which plaintiff's troupe was engaged terminated on September 25, 1904, and plaintiff seeks to recover in this action the difference between what his troupe earned between June 15, 1904, the date of his discharge, and what it would have received had it been allowed to continue the performances for the entire season.

It is contended that the date of the inception of the contract, January 20, 1904, the Lilliputia company corporation did not exist. It is, however, undisputed that a certificate of incorporation of the "Lilliputia Company or the Midget City," dated January 17, 1904, was filed in the office of the Secretary of State on January 28, 1904, and that attached to the certificate of incorporation was the receipt of the State Treasurer, dated January 26, 1904, for $50 in full of taxes on the corporate stock pursuant to law. The certificate was signed by these defendants as incorporators. It appears that no stock was ever issued and absolutely nothing further was ever done to perfect the organization. The plaintiff seeks to hold the defendants liable as partners, for the reason, as he alleges in the complaint, and as his counsel claimed in his opening to the jury, which is part of the record, that the defendants through false and fraudulent representations willfully misled the plaintiff into signing the contract by untruthfully representing themselves as a corporation, when, in fact, there was no such corporation, and they had simply assumed the corporate name in order to cheat and defraud the plaintiff. It further appears that plaintiff commenced an action in the Supreme Court against the Lilliputia Company or the Midget City in June, 1904, to recover the damages claimed by him upon the same contract; that in that action the complaint alleged "that at all times hereinafter mentioned the defendant was and still is a domestic corporation duly incorporated by and under the laws of the

State of New York"; that such action was tried before Mr. Justice Leventritt and a jury, and that as a result of that action the plaintiff recovered a judgment on June 23, 1904, against defendant, the Lilliputia Company or Midget City, for the sum of $1,150 and costs, upon which judgment execution was duly issued and returned unsatisfied.

In view of the above facts, it is difficult to see how the plaintiff can successfully maintain his present contention. He claims fraud on the part of the defendants—that is the gravamen of his action—and that fraud consists in the defendants having held themselves out to him as a corporation, when, in fact, no such corporation existed, and they were merely partners. He has already secured an adjudication that such a corporation did exist, that it entered into the contract sued on with him, and he has recovered a judgment therein against the corporation for the damages claimed in this action. His present allegations of fraud are, therefore, baseless and must fall, and with them falls his present cause of action, since, as already indicated, it must rest upon fraud alone. His complaint sounds in tort and he has absolutely failed to establish the allegations of fraud set forth therein.

Judgment reversed, with costs, and complaint dismissed. All concur.