was a case where a court of equity, in an action for an accounting between partners, refused to interfere in matters of internal regulation of the business, where a dissolution of the partnership was not sought. In Head v. King, supra, the debt for which one partner sued another had been liquidated, and the action required no determination as to the firm assets or liabilities. No support for the judgment appealed from can be derived from these authorities. The cause of action set forth in the complaint calls for the exercise of equitable powers, which the Municipal Court has no authority to exert.

Judgment reversed, with costs to the appellant, and demurrer sustained, with costs in the court below, and complaint dismissed.

All concur.

---

UNITED STATES FIDELITY & GUARANTY CO. v. SCHIFF et al.

(Supreme Court, Appellate Term. May 16, 1907.)

JUDGMENT—CONCLUSIVENESS—JUDGMENT NOT ON MERITS.

A judgment for defendants in an action by a foreign corporation, grounded on plaintiff's failure to file a certificate with the Secretary of State as required by law, does not preclude another action where plaintiff shows its authority to do business in the state; estopped of an adjudication on purely technical grounds, and where the merits could not come in question, being limited to the point actually decided.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1009, 1010, 1079–1091.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by United States Fidelity & Guaranty Company against Max Schiff and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Louis H. Moos, for appellants.
Daniel S. O'Brien, for respondent.

PER CURIAM. The complaint alleged the making of a certain contract for a subscription to a reporting agency, controlled and owned by the plaintiff. It further alleged full performance on the part of the plaintiff and failure to perform on the part of the defendants. The answer set up a general denial, and for a second and separate defense a prior adjudication between the same parties for the same cause of action. Defendants claim that this prior judgment, having been affirmed by the Appellate Division, Second Department, acted as a bar to the bringing of the present action. At the close of plaintiff's case the defendants did not move for a dismissal, although the case was submitted on plaintiff's evidence alone, and judgment was given in its favor. The decision given at the previous trial was as follows:

"Decided on the ground that no certificate was filed with the Secretary of State as required by chapter 538, p. 1326, of the Laws of 1901. Judgment for the defendants. Dated this 11th day of April, 1906.

"J. C. Kadien, Justice."

Upon the second trial the plaintiff offered in evidence a certified copy of its authority to do business in this state. We do not think that plaintiff was precluded from bringing a second action. Estoppel of an adjudication, made on grounds purely technical and where the merits could not come in question, is limited to the point actually decided, and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first, and when a suit fails in consequence of want of jurisdiction, and not from any inherent defect, the substance of the case is left at liberty and may be made the subject of another action. Marsh v. Masterson, 101 N. Y. 401, 407, 5 N. E. 59. The second action could properly be brought on the performance of the requisite preliminary act; i. e., the obtaining of the authority in question. Rose v. Hawley, 141 N. Y. 366, 375, 36 N. E. 335. It may be observed, moreover, that the defendants in the case at bar made no objection to the introduction in evidence of the plaintiff's authority to do business in this state, above referred to. The former decision cannot be regarded as a judgment upon the merits, as it was based upon a purely technical defect, and the case of Rossow v. Burke, 52 Misc. Rep. 118, 101 N. Y. Supp. 608, has no application to the case at bar. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.